Susan **MALLORY**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 22A01–9003–CR–00104.

Court of Appeals of Indiana, First District.

Dec. 10, 1990.

ROBERTSON, Judge.

Susan Mallory appeals from a jury verdict of guilty on a charge by indictment of neglect of a dependent as a class B felony, based upon the death of her six-year-old daughter. We affirm.

The evidence reveals that Mallory's daughter showed signs of paralysis on her left side after she received a hit to the forehead when Joseph Atkisson, Mallory's boyfriend, was supposed to be caring for her. Many witnesses, who came in contact with the child over the next three weeks, agreed she was injured or in need of medical care. Mallory was told she should take her daughter to a doctor, but Mallory did not want to take her child to the doctor because the bruises she had caused on the body of the daughter could still be seen. Nevertheless, Mallory stated she had taken the child to the doctor when she had not done so. Over the three weeks between the hit to the head and her death, the daughter experienced paralysis, vomiting, headaches, lethargy, seizures, and moodiness, all of which would come and go but would never disappear entirely. After one particular seizure, Atkisson called Mallory at work and they took the daughter to the hospital, where she died. A doctor testified that the child's injury was treatable and, had it been promptly treated, she could have recovered.

## I.

Is the evidence sufficient to support the conviction?

We first note our standard of review for this question. On appellate review of claims of insufficient evidence, this court does not reweigh evidence or judge witness credibility. We consider only the evidence most favorable to the verdict together with all of its reasonable and logical inferences. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will stand. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The indictment by which the grand jury charged Mallory stated that she:

did commit the crime of Neglect of a Dependent, a class B felony, I.C. 35–46–

Steven A. Gustafson, Lorch & Naville, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

1–4 in that on or about the 14th of November, 1988, in the State of Indiana, Joseph Atkisson and Susan Mallory did have the care of a dependent, Casey Mallory, a child under the age of eighteen (18) years, and did knowingly deprive the dependent of receiving support which resulted in serious bodily injury, to wit; death....

The language of the indictment closely tracks the language of Indiana Code Section 35–46–1–4, which states:

(a) A person having the care of a dependent, whether assumed or voluntary or because of a legal obligation, who knowingly or intentionally:

\* \* \* \* \* \*

(3) deprives the dependent of necessary support;

\* \* \* \* \* \*

commits neglect of a dependent, a Class D felony. However, ... the offense is a Class B felony if it results in serious bodily injury.

Mallory does not allege she did not have the care of her dependent daughter when the events which lead to the death occurred.

■ Mallory first claims she should not have been convicted of neglect of a dependent due to an absence of any evidence that an injury to her dependent was proximately caused by an act of neglect attributable to her. She asserts the phrase "results in" requires an element of proximate cause from an act committed by her. Our supreme court has considered this phrase in the context of the offense of robbery:

The term is a causative one of considerable generality, but in denoting natural consequences and human responses to express human conduct within the ambit of elements of the offense of robbery, that quality does not result in legal uncertainty. We are, therefore, under a duty to enforce the statute according to its plain meaning. If an injury to any other person arises as a consequence of the conduct of the accused in committing a robbery, the offense is properly regarded as a class A felony. If the injury does not so arise[,] attribution of a class A felony is improper.

*Bailey v. State* (1980), 274 Ind. 318, 322, 412 N.E.2d 56, 59 (citations omitted).

The evidence is sufficient to support the conclusion that Mallory deprived her dependent daughter of support and that the deprivation of support resulted in the death of the dependent. The word "deprive" is a transitive verb which denotes action toward an object. In the context of this case, it means Mallory must have actively denied her dependent daughter of medical support and been aware of a high probability she was doing so. If the death of the dependent arose as a consequence of this deprivation, Mallory was properly convicted of neglect of a dependent as a class B felony. As previously stated, we find the above recited evidence sufficient in this regard. The child could have survived had Mallory sought treatment for her.

■ Mallory next claims that the evidence is insufficient to support her conviction because death does not constitute serious bodily injury under the neglect statute. She asserts that she may have been guilty of reckless homicide as a class C felony but not of neglect of a dependent where serious bodily injury resulted. We note that "serious bodily injury" means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ. IND.CODE 35–41–1–25. We also note that Mallory's act of deprivation of medical support resulted in a substantial risk of death, so substantial that death in fact occurred. Death is not an element of the offense charged but was a consequence of the neglect committed by Mallory over the period of time she deprived her daughter of medical support. *Lamphier v. State* (1989), Ind., 534 N.E.2d 699 (Dickson, J, concurring in result with separate opinion; Shepard, C.J., concurring and dissenting with separate opinion in which DeBruler, J., concurred). Obviously, serious bodily injury due to neglect may precede death in circumstances such as this. The legisla-

ture, although it omitted injury resulting in death from the statutory definition of serious bodily injury in order to invite such cases to be charged under the homicide provisions, did not prohibit the charging of neglect when death occurs. *Hill v. State* (1989), Ind.App., 535 N.E.2d 153, 156. Consequently, we conclude that the evidence sufficiently supports the element of serious bodily injury in this case.

■ Mallory next claims the evidence is insufficient to support the determination she knew that her dependent daughter was endangered by lack of medical care. The indictment charged that Mallory knowingly deprived her daughter of support. A person engages in conduct knowingly if, when she engages in the conduct, she is aware of a high probability that she is doing so. I.C. 35–41–2–2. The evidence shows that many witnesses agreed the child was injured and in need of medical care. Mallory was told she should take her daughter to a doctor, but Mallory did not want to take her child to the doctor until the bruises she had caused on the body of the daughter faded. Nevertheless, Mallory stated she had taken the child to the doctor when she had not done so. Over the three weeks between the hit to the head and her death, the daughter experienced paralysis, vomiting, headaches, lethargy, seizures, and moodiness, all of which would come and go but would never disappear entirely. After one particular seizure, Atkisson called Mallory at work; and they took the daughter to the hospital, where she died.

■ A parent is charged with an affirmative duty to care for her child. *Smith v. State* (1980), Ind.App., 408 N.E.2d 614, 621. The standard of care is what a reasonable parent would do or not do under the circumstances. *Id.* Mallory had a duty not to deprive her dependent daughter of necessary support, and she further had a duty to provide that support when needed. The jury was entitled to infer from the circumstances presented that Mallory had awareness of the child's needed support. The jury was further entitled to conclude Mallory's conduct amounted to a knowing neglect as defined by I.C. 35–46–1–4. We do not find the evidence insufficient in this regard.

■ In a related allegation, Mallory claims the trial court improperly instructed the jury that a person engages in conduct knowingly if, when he engages in the conduct, he is aware of the high probability that he is doing so. This instruction is an almost verbatim statement of I.C. 35–41–2–2(b). Mallory insists she must have been subjectively aware of a high probability that she deprived her daughter of necessary support and cites *Armour v. State* (1985), Ind., 479 N.E.2d 1294. However, a plain and fair reading of the instruction shows that, for Mallory to have acted knowingly, she must have been aware of a high probability she was engaging in the conduct when she did so. In addition, we find no objection to the instruction from Mallory when it was given to the jury. *Nichols v. State* (1989), Ind.App., 542 N.E.2d 572, 576. We find no reversible error here.

## II.

Is the neglect of a dependent statute impermissibly vague as applied to the facts of this case?

■ A statute will not be found unconstitutionally vague if individuals of ordinary intelligence would comprehend it to adequately inform them of the conduct to be proscribed. The statute need only inform the individual of the generally proscribed conduct; a statute need not list, with itemized exactitude, each item of conduct prohibited. *State v. Downey* (1985), Ind., 476 N.E.2d 121, 122.

■ Mallory asserts the statute is too vague to pass constitutional muster because it is impossible to discern when the offense of neglect was completed, that is, when her conduct crossed the boundary between the lawful and the unlawful. However, the State correctly maintains that Mallory is not at liberty to devise a hypothetical situation which might demonstrate vagueness. A statute is void for vagueness only if it is vague as applied to the precise circumstances of this case.

*Davis v. State* (1985), Ind.App., 476 N.E.2d 127, 130–131, *trans. denied.* We are not concerned with the ability of the legislature to have chosen clearer and more precise language. Rather, we must determine whether an individual of ordinary intelligence would reasonably understand that her contemplated conduct is proscribed. *Id.*

■ Over the three weeks between the hit to the head and her death, the daughter experienced paralysis, falling, vomiting, headaches, lethargy, seizures, and moodiness, all of which would come and go but would never disappear entirely. Many witnesses who came in contact with the child told Mallory she needed to take the child to the doctor. Mallory said she had done so when she had not because bruises Mallory had caused could still be seen. No reasonable person of ordinary intelligence would have difficulty determining that such deprivation of support for the ailing daughter was proscribed by the statute involved here. Given the nature of Mallory's conduct, the statute was sufficient to advise her that the deprivation of her daughter's needed support was proscribed.

### III.

Did the trial court improperly deny Mallory's motion to discharge her attorney when her case did not go to trial after the hearing on her motion to discharge?

Mallory claims the trial court abused its discretion when it denied her motion to discharge her privately retained attorney. The trial court denied the motion because Mallory made it three days before trial was to be held. However, trial was not held at that time due to Mallory's subsequent motion for a continuance, which was granted by the court. Mallory did not again move to have her attorney discharged.

■ A trial court may refuse to allow a defendant to replace counsel immediately before trial. *Jones v. State* (1983), Ind., 449 N.E.2d 1060, 1064. The trial court's determination on the issue will be reversed only when it constitutes a clear abuse of discretion which prejudices the defendant's

right to a fair trial. *Huffman v. State* (1989), Ind., 543 N.E.2d 360, 370, *cert. denied Huffman v. Indiana*, —— U.S. ——, 110 S.Ct. 3257, 111 L.Ed.2d 767.

■ Mallory claimed that she and her attorney "did not get along," that she felt her attorney was not "fighting for" her, and that she could no longer afford to pay the attorney. Mallory stated she had thought about hiring another attorney but had not done so. However, Mallory's only allegation of prejudice is that directed to the claim of ineffective assistance of counsel, discussed below and decided adversely to her claim. Moreover, although the trial was not held as scheduled three days after Mallory's motion, she has made no allegation of prejudice other than that her counsel was ineffective. Because trial counsel did not render ineffective assistance, Mallory was not prejudiced by denial of her motion to discharge the attorney, regardless of how soon or how late after the motion the judge actually held the trial.

### IV.

Did trial counsel render ineffective assistance?

To establish a claim of ineffective assistance of counsel, Mallory must first show that her attorney acted in a professionally unreasonable manner. Second, she must show the attorney's unreasonable conduct prejudiced her case. Mallory must also overcome, with strong and convincing evidence, the presumption that her counsel was competent. *Short v. State* (1989), Ind., 539 N.E.2d 939. Prejudice is established upon a showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Rozika v. State* (1988), Ind., 520 N.E.2d 1267.

This Court will not speculate about what may have been the most advantageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily establish ineffective assistance of counsel. *Id.* In addition, Mallory must satisfy this Court that the evidence as a whole leads unmistakably and unerringly

to the conclusion that her trial counsel rendered ineffective assistance. *Short*, 539 N.E.2d 939.

█ Mallory claims counsel rendered ineffective assistance in several respects. She first alleges trial counsel did not obtain an expert witness to testify on her behalf despite the many complex medical issues presented by her case. She identifies several medical treatises which show head injuries can masquerade as other illnesses, such as influenza. However, Mallory's daughter experienced paralysis, falling, vomiting, headaches, lethargy, seizures, and moodiness, all of which would come and go but would never disappear entirely. Mallory has not alleged any expert that counsel could have produced would have testified such symptoms did not require medical support, even if the symptoms were consistent with other illnesses besides the head injury which eventually caused her daughter's death. In other words, despite the name of the illness which eventually killed the child, Mallory has not shown an expert could have been produced who would have testified the symptoms manifested did not require medical support. We conclude the proceeding would have had the same result had counsel obtained an expert to testify that head injuries can masquerade as other illnesses. Moreover, because we conclude Mallory has shown no prejudice arising from the failure to obtain an expert witness, we need not address her claim counsel should have obtained that expert at public expense.

█ Mallory further alleges that counsel failed to call an available dental expert whose testimony before the grand jury revealed that Casey Mallory had a bite mark on her leg which was inflicted by Joseph Atkisson. However, in light of Atkisson's admission on direct examination that he bit the girl on the leg, Mallory has not convinced us that the outcome of trial would have been any different had the dental expert testified.

█ Mallory next complains that trial counsel apparently conceded there was no evidence of sexual abuse to the child, that counsel failed to obtain an expert to testify about the "shaken baby syndrome," and that there existed evidence of a violent struggle when Atkisson was alone with the child. Initially we note that evidence of the struggle was presented to the jury, for whatever weight it chose to give the evidence. In addition, even on appeal Mallory has identified no evidence which shows the girl might have been sexually abused besides an enlarged vagina and a tear in the hymen. Mallory also has not claimed that, if she could show the child was sexually and physically abused and if she could identify the person who abused her, her responsibility to provide needed medical support was thereby obviated. If, as she would have us believe, Atkisson had been sexually and physically abusing her daughter, that fact would lead us to conclude the deprivation of needed support was more egregious on Mallory's part when she allowed her daughter to remain exposed to Atkisson. We are not convinced the outcome of the trial would have been any different had trial counsel developed a different strategy.

█ Mallory alleges trial counsel failed to object to the instruction which included the definition of "knowingly," provided above. As noted, the instruction was not improper; and counsel did not act unreasonably when he failed to object to it. In addition, Mallory claims trial counsel "failed to tender any written instructions to the Court on the issues raised by the Defendant, to move for instructions, or to object to the vague definition of the offense contained in the original instructions." However, Mallory identifies no possible written instructions trial counsel could have tendered and provides no basis upon which we may conclude that any instructions would have provided a different outcome at trial. Moreover, we concluded above that the statute is not unconstitutionally vague as applied to these facts; we therefore do not consider trial counsel ineffective for his failure to object to the instruction because of its vagueness. In conclusion, the evidence as a whole does not lead unmistakably and unerringly to the

conclusion that Mallory's trial counsel rendered ineffective assistance.

## V.

Did the trial court improperly impose an aggravated sentence upon Mallory?

Mallory received a conviction for a class B felony. According to I.C. 35–50–2–5, a person who commits a class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances. In this case, the trial court sentenced Mallory to an aggravated term of twenty (20) years, with five (5) years suspended.

Mallory claims the aggravated sentence is inappropriate because the age of her daughter was the most important aggravating circumstance found by the trial court and age is a statutory element of the offense. However, "dependent" means either an unemancipated person under the age of eighteen (18) or a person of any age who is mentally or physically disabled. I.C. 35–46–1–1. Thus, the term does not necessarily mean a person six years of age, the age of the victim here. Nevertheless, I.C. 35–38–1–7.1(a)(4) and (b)(5) state that the sentencing court shall consider, and may consider as an aggravating circumstance, the fact that the victim of the crime was less than twelve (12) years of age. The subsections of the code were not in effect when the trial judge sentenced Mallory, but we conclude the nature of this circumstance was available to the trial court due to the broad discretion given the sentencing judge to find that a factor is aggravating. While the victim's age may not constitute an aggravating circumstance to support an enhanced sentence when it also comprises a material element of the crime for which conviction was obtained, the trial court may properly consider particularized circumstances of the factual elements as aggravating factors. *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105.

The trial court sufficiently particularized its consideration of the circumstance of the child's age in this case. The court noted:

I would note that there are some serious considerations in my mind as to the behavior of the Defendant. I think that was born out by the Jury's verdict in that in the face of repeated urgings by people to get this child some medical attention that was not done. And those, that nature and circumstances and the fact of the child's age is important in this consideration.

⁕ * * * * *

The fourth factor is very important, whether the victim of the crime was less that [sic] 12 years of age or at least 65. Well this child was much less that [sic] 12 years so that is an important factor weighing against the Defendant.

* * * * * *

Fifth, the victim of the crime was less than 12 or at least 65. We've already covered that. The child is under 12 and that is a factor of aggravating, an aggravating factor.

* * * * * *

This case against this Defendant is a case of neglect, not abuse, not parental discipline going too far. It's her failure to obtain medical treatment in spite, and this is what I believe the Jury found, in spite of repeated and numerous urgings from the people, virtually everyone who came in contact with this child that' saw any of the symptoms made statements this child needs to see a doctor, have you seen a doctor and even to the extent that the Defendant was making up stories of what the doctor said. I tried to envision some rationale for this behavior as to why, why she wouldn't take her to the doctor.

* * * * ⁕* *

I've tried to speculate as to what could this be and all I can see is the Defendant deliberately chose to ignore these, this obvious fact. Everyone knew this child was seriously ill.... This child should have been taken to the doctor and I know the Jury has said that, in my mind.

We believe the statements of the sentencing judge, taken in their entirety, show

his concern for the extreme abdication of Mallory's parental duties. The trial court did not unreasonably consider that neglect of a very young child is worse that the same behavior toward an older, more capable dependent. This aggravating factor alone supports Mallory's enhanced sentence.

Judgment affirmed.

RATLIFF, C.J., and MILLER, J., concur.