**Michael KILE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9912–CR–851.**

Court of Appeals of Indiana.

May 26, 2000.

Susan D. Rayl, McClure, McClure & Kammen, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Michael Kile appeals the sentence imposed following his plea of guilty to Neglect of a Dependent, a class B felony,[1] and Neglect of a Dependent, a class D felony.[2]

We affirm.

### Issues

Kile presents one issue for our review, which we restate as: whether the trial court abused its discretion when it imposed the maximum sentence for Kile's convictions.

### Facts and Procedural History

On January 4, 1999, Kile attempted to obtain crack cocaine from Donnell Hughley ("Hughley") by trading a power drill for the drugs. Kile's two sons, Michael Kile, Jr., age twelve, and William Kile, age six, were with him at the time. When Hughley rejected the trade, Kile took the crack from him and drove away. Hughley shot at Kile's car and a bullet struck William in the head. William died eight days later.

Kile was charged with murder, two counts of neglect of a dependent, and false informing. Kile pleaded guilty to the two counts of neglect of a dependent. At his sentencing hearing, the trial judge listed several aggravating and mitigating factors, and sentenced Kile to twenty years on the class B felony and three years on the class D felony, to be served concurrently. Both sentences were the maximum allowed by statute. Kile appeals.

### Discussion and Decision

Kile argues that the trial court erred by imposing the maximum sentences. Specifically, Kile contends that the trial court used two improper aggravating circumstances and failed to give sufficient weight to the mitigating circumstances that were found. Additionally, Kile argues that the trial court erred by failing to consider the goal of rehabilitation when determining Kile's sentence.

#### A. Standard of Review

Determining the appropriate sentence is within the trial court's discretion, and the trial court will be reversed only upon a showing of manifest abuse of discretion. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997). When the trial court imposes a sentence other than the presumptive sentence, this Court will examine the record to insure that the court explained its reasons for selecting the sentence it imposed. *Kelly v. State*, 719 N.E.2d 391, 395 (Ind.1999), *reh'g denied*. The trial court's statement of reasons must include the following components: (1) identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that led the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances were evaluated and balanced in determining the sentence. *Id.* We will alter a sentence authorized by statute only if it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B); *Taylor v. State*, 681 N.E.2d 1105, 1111 (Ind.1997).

#### B. Aggravating Circumstances

The trial court listed nine aggravating factors. Those were: Kile's criminal history; Kile was on probation at the time of the offense; one victim was under age twelve; one victim was mentally infirm;

1. IND.CODE § 35–46–1–4(a)(1).

2. IND.CODE § 35–46–1–4(a)(1).

imposition of a reduced sentence would depreciate the seriousness of the crime; Kile used his children as human shields during the drug transaction; Kile's actions resulted in his son's death; the son and his family suffered for eight days before his death;[3] and Kile lied to police about the accident. Kile argues that two of those aggravating factors – a reduced sentence would depreciate the seriousness of the crime, and the victim was under age twelve – were not proper.

■ We agree with Kile that the trial court erroneously relied on the aggravator that imposition of a reduced sentence would depreciate the seriousness of the offense. Our supreme court has repeatedly held that this aggravating circumstance serves only to support a trial court's refusal to reduce the presumptive sentence. *Miller v. State*, 720 N.E.2d 696, 707 n. 12 (Ind.1999). Here, there is nothing in the record indicating that the trial court was considering a reduced sentence. Therefore, the use of this aggravating circumstance was improper.

■ The court also used the victim's age as an aggravator. Kile contends that this was improper because one of the elements of the neglect of a dependent statute, to which Kile pleaded guilty, is that the victim is a dependent. Dependent is defined as "(1) an unemancipated person who is under eighteen years of age; or (2) a person of any age who is mentally or physically disabled." IND.CODE § 35–46–1–1 (1998). Therefore, Kile argues, the age of the victim is an element of the crime and cannot be used as an aggravating factor. We disagree.

Our supreme court has held that it is proper for a trial court to consider the nature and circumstances of a crime as an aggravating factor. *See Miller*, 720 N.E.2d at 706. Further, this court has held that, "[w]hile the victim's age may not constitute an aggravating circumstance to support an enhanced sentence when it also comprises a material element of the crime for which conviction was obtained, the trial court may properly consider particularized circumstances of the factual elements as aggravating factors." *Mallory v. State*, 563 N.E.2d 640, 647 (Ind.Ct.App.1990). In *Mallory*, a mother was convicted of neglect of her dependent six-year-old child. The trial court used the child's age as an aggravating factor and this court upheld that use because the "trial court did not unreasonably consider that neglect of a very young child is worse that [sic] the same behavior toward an older, more capable dependent." *Id.* at 648.

In this case, Kile took his six-year-old son with him to buy drugs. Although the neglect of a dependent statute requires the victim to be under eighteen years of age or have a mental or physical disability, it does not necessarily require the victim to be of an age as young as William was in this case. Thus, as in *Mallory*, we hold that the trial court did not err by using the particularized factual circumstances of this case, namely William's young age, as an aggravating factor.

## C. Mitigating Circumstances

■ The trial court found the following five mitigating factors: Kile decided to plead guilty and accept responsibility for his actions; Kile had lived a law-abiding life for a substantial period of time; Kile was remorseful; Kile cooperated in the prosecution of Hughley; and Kile was addicted to cocaine. (R. 237–39.) Kile argues that the trial court did not give sufficient weight to those mitigating circumstances. However, it is within the sentencing court's discretion to determine whether mitigating circumstances are significant and what weight to accord the identified circumstances. *Kelly*, 719 N.E.2d at 395.

## D. Rehabilitation

■ Kile contends that the trial court erred by not considering the goal of reha-

---

**3.** The trial judge stated that William lived for eight days after the shooting. However, at the sentencing hearing, William's mother testified that he died on January 15, 1999, which was eleven days after the shooting.

bilitation when it imposed the maximum sentence for his convictions. However, a trial court's reference to a defendant's criminal record is an indication that the court considered the goal of rehabilitation. *Taylor*, 681 N.E.2d at 1112. Moreover, if the sentencing statement sufficiently demonstrates that the trial court evaluated the mitigating and aggravating circumstances, then there is evidence that the trial court considered the goal of rehabilitation in imposing a sentence appropriate to that offender and his offenses. *See Crawley v. State*, 677 N.E.2d 520, 523 (Ind.1997).

### E. Analysis

 The trial court used one improper aggravating factor. However, when a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld. *See Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998). Here, there were numerous other valid aggravating circumstances. Additionally, the trial court did not err in its assignment of weight to the mitigating factors it found. Moreover, the trial court's sentencing statement indicated that the aggravating circumstances "seriously outweigh[ed]" the mitigating circumstances. (R. at 241.) Thus, despite the use of one improper aggravator, we hold that the trial court did not abuse its discretion by imposing the maximum sentence for Kile's convictions. Further, because the trial court considered Kile's criminal history and weighed the mitigating and aggravating circumstances presented, the trial court did consider the goal of rehabilitation when determining Kile's sentence.

Affirmed.

SULLIVAN, J., and VAIDIK, J., concur.