William EMMONS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0506–CR–527.

Court of Appeals of Indiana.

May 26, 2006.

---

Joel M. Schumm, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

William Emmons appeals the denial of his motion to dismiss misdemeanor charges against him. He raises one restated issue: whether the State subjected him to double jeopardy when it filed

charges against him after a prior proceeding against him had terminated.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

■ On April 5, 2003, and May 9, 2003, Emmons was arrested for operating a vehicle while intoxicated, a Class A misdemeanor,[1] operating a vehicle with a BAC above 0.15, a Class A misdemeanor,[2] driving while suspended, a Class A misdemeanor,[3] and public intoxication, a Class B misdemeanor.[4] A bench trial on all charges was scheduled for March 2004. After the witnesses were sworn but before testimony was given, Emmons moved to dismiss the charges against him. He argued the trial court lacked jurisdiction because the charging documents had not been file-stamped as required by Ind.Code § 35–34–1–1.[5] The trial court granted Emmons' motion.[6]

The State filed charges against Emmons in July 2004 for the May 2003 incident and in August 2004 for the April 2003 incident.[7] At a pre-trial conference on April 19, 2005, Emmons moved to dismiss the charges against him on double jeopardy grounds. The trial court denied Emmons' motion and then granted his motion for interlocutory appeal. We accepted jurisdiction of this appeal on July 15, 2005.

1. Ind.Code § 9–30–5–2.

2. Ind.Code § 9–30–5–1(b).

3. Ind.Code § 9–24–19–2.

4. Ind.Code § 7.1–5–1–3.

5. Ind.Code § 35–34–1–1(c) provides: "Whenever an indictment or information is filed, the clerk of the court shall: (1) mark the date of filing on the instrument; (2) record it in a record book; and (3) upon request, make a copy of it available to the defendant or his attorney."

## DISCUSSION AND DECISION

We review for an abuse of discretion the denial of a motion to dismiss. *Murphy v. State,* 837 N.E.2d 591, 593 (Ind.Ct.App. 2005). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, *id.,* or when the trial court has misinterpreted the law. *Howard v. State,* 818 N.E.2d 469, 474 (Ind.Ct.App.2004), *trans. denied* 831 N.E.2d 735 (Ind.2005).

■ The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Indiana Constitution, Article 1, § 14 provides: "No person shall be put in jeopardy twice for the same offense."

■ Before a defendant can be subjected to double jeopardy, he must be subjected to jeopardy. Accordingly, our initial inquiry is whether jeopardy attached in the first proceeding so as to bar a subsequent prosecution. It did not.

■ In a bench trial, jeopardy attaches when the court begins to hear evidence. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *State v. Proctor,* 471 N.E.2d 707, 707 (Ind.Ct.App.1984) (citing *Serfass*). Under Indiana statute, jeopardy will also attach in a bench trial when witnesses are

6. The better course of action, apparently adopted by the trial court and the Marion County Prosecutor's Office in similar subsequent cases, would be a nunc pro tunc entry to show the filing of the information. "A trial court has the power and the duty to order a nunc pro tunc entry to correct such a clerical error." *Owens v. State,* 263 Ind. 487, 495, 333 N.E.2d 745, 749 (1975) (upholding nunc pro tunc entry to correct unstamped information).

7. These filings apparently comported with the procedure outlined in Ind.Code § 35–34–1–1.

sworn. *See* Ind.Code § 35–41–4–3(a)(2) (barring re-prosecution if former prosecution terminated after first witness sworn in bench trial); *State v. Erlewein,* 755 N.E.2d 700, 707 (Ind.Ct.App.2001) (citing Ind.Code § 35–41–4–3). At Emmons' first proceeding, the witnesses were sworn but no evidence was heard. Thus, under *Serfass* and *Proctor,* jeopardy had not yet attached. Although under the statute jeopardy attached because witnesses had been sworn, "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." *Illinois v. Somerville,* 410 U.S. 458, 467, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). *See also* Ind.Code § 35–41–4–3(a)(2) (listing six exceptions to rule barring re-prosecution after first witness sworn in bench trial).

■ If a defendant moves for or consents to the termination of the proceeding after jeopardy has attached, he forfeits his right to raise double jeopardy in further proceedings unless the motion was necessitated by governmental conduct, which conduct was intended to provoke or goad the defendant into seeking to terminate the proceedings. *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Whitehead v. State,* 444 N.E.2d 1253, 1254 (Ind.Ct.App.1983). *See also* Ind.Code § 35–41–4–3(a)(2)(i), –3(b) (permitting re-prosecution if defendant filed motion to dismiss in former prosecution unless prosecutor brought about circumstances prompting motion with intent to cause termination of prosecution). Emmons forfeited his right to raise double jeopardy when he moved to dismiss the improperly filed charges in the first proceeding. Nevertheless, he argues the State is the source of the error (*i.e.,* the defective filing), and is therefore barred under *Crim v. State,* 156 Ind.App. 66, 294 N.E.2d 822 (1973), from re-filing the charges.

In *Crim,* we noted "prosecutorial error which causes or constitutes the termination of the first trial" will bar a second trial. *Id.* at 77, 294 N.E.2d at 829. Emmons, in essence, asserts the failure to properly file-stamp the charging information is prosecutorial error rather than clerical error. We disagree. *See Owens v. State,* 263 Ind. 487, 495, 333 N.E.2d 745, 749 (1975) (failure to file-stamp charging information is clerical error correctable by nunc pro tunc entry). There is no indication the State failed to have the clerk file-stamp the charging information with the intent to goad Emmons into seeking dismissal of the charges against him. Emmons' argument under *Crim* thus fails.

■ A defendant may also be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. *Somerville,* 410 U.S. at 464, 93 S.Ct. 1066; *Phillippe v. State,* 458 N.E.2d 1159, 1164 (Ind.Ct.App. 1984). *See also* Ind.Code § 35–41–4–3(a)(2)(iii) (prosecution not barred if former prosecution terminated due to "legal defect in proceedings that would make any judgment entered upon a verdict reversible as a matter of law"). We have explained:

[A] criminal action can be commenced only in the manner provided by law, and that it is the filing of the accusation in lawful form that invokes the jurisdiction of the court in the particular cause. It is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment void. There can be no conviction or punishment for crime, except on accusation made in the manner prescribed by law.... It is essential that there shall be strict compliance with the legislative requirements concerning the commencement of a criminal action, for the

power of the Legislature to prescribe the requirements is plenary.

*Pease v. State*, 74 Ind.App. 572, 576, 129 N.E. 337, 339 (1921) (internal citations omitted). Ind.Code § 35–34–1–1 delineates how a prosecution is commenced and provides in part:

> (c) Whenever an indictment or information is filed, the clerk of the court shall:
>
> (1) *mark the date of filing on the instrument;*
>
> (2) record it in a record book; and
>
> (3) upon request, make a copy of it available to the defendant or his attorney.

(Emphasis supplied.)

■ The original information against Emmons had not been file-stamped and therefore was not properly filed under Ind. Code § 35–34–1–1. As a result, the trial court did not have jurisdiction over Emmons and any judgment rendered would have been void for lack of jurisdiction. *Pease*, 74 Ind.App. at 576, 129 N.E. at 339. "An accused is not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction. When discharged thereunder he may again be arrested and prosecuted on the original indictment." *Slack v. Grigsby*, 229 Ind. 335, 344, 97 N.E.2d 145, 148 (1951).[8]

---

8.  This principle is long-standing:

    It appears to be settled by a current of decisions in this country, that where a legal indictment has been returned by a competent grand jury, to a Court having jurisdiction of the person and of the offense, and the defendant has pleaded to such indictment, a traverse jury been duly impaneled and sworn, and all the preliminary prerequisites of record are ready for the trial, the prisoner is then considered to be so far in jeopardy as to preclude any attempt to again place him upon trial for the same offense.... But it has been often decided that all the necessary preliminary things of

Emmons had not been placed in jeopardy so as to bar subsequent proceedings and thus the trial court did not abuse its discretion in denying Emmons' motion to dismiss. We affirm and remand for further proceedings.

Affirmed and remanded.

CRONE, J., and FRIEDLANDER, J., concur.

record do not exist, so as to place the prisoner in jeopardy, when the indictment is so defective in form, that supposing the defendant found guilty by the jury, he would be entitled to have any judgment which could be thereon entered up against him reversed. Therefore, whenever, after a trial has commenced, the judge discovers any imperfection which will render a verdict against the prisoner void or voidable, upon his motion, he may stop the trial, and what has transpired will be no bar to future proceedings[.]

*Joy v. State*, 14 Ind. 139, 1860 WL 4060, *5 (1860).