## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2017, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lamarr T. Crittenden
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lamar T. Crittenden,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 13, 2017<br><br>Court of Appeals Case No.<br>49A04-1512-CR-2183<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F Borges, Judge<br><br>Trial Court Cause No.<br>49G04-0810-FA-227401 |

**Altice, Judge.**

**Case Summary**

[1]	Following a bench trial, Lamar T. Crittenden was convicted of one count of child molesting as a Class A felony and one count of child molesting as a Class C felony. Crittenden was originally sentenced to an aggregate term of thirty-five years, with five years suspended. Crittenden's convictions and sentence were affirmed on direct appeal. *See Crittenden v. State*, No. 49A05-0906-CR-355 (Ind. Ct. App. Jan. 21, 2010), *trans. denied* (*Crittenden I*). Crittenden, pro se, filed a petition for post-conviction relief arguing, in part, that his trial and appellate counsel rendered ineffective assistance with regard to sentencing. The post-conviction court agreed and remanded for a new sentencing hearing. Crittenden appealed, challenging several of the post-conviction court's procedural rulings as well as its denial of his remaining claims of ineffective assistance of trial and appellate counsel. In a memorandum decision, this court affirmed the post-conviction court's rulings and decision. *Crittenden v. State*, 49A05-1405-PC-227 (Ind. Ct. App. June 30, 2015) (*Crittenden II*).

[2]	At the resentencing hearing, the trial court again sentenced Crittenden to an aggregate term of thirty-five years, with five years suspended. Crittenden, pro se, appeals, challenging the sentence imposed on several grounds:

1.	Did the trial court have subject matter jurisdiction?

2.	Did the trial court properly sentence Crittenden?

3.	Did the trial court properly classify Crittenden as a sexually violent predator?

4. Did Crittenden receive ineffective assistance of counsel at his resentencing hearing?

5. Did the trial court properly amend the sentence imposed?

We affirm.

## Facts & Procedural History

The facts underlying Crittenden's convictions were set forth by this court on direct appeal as follows:

> In 2006, Crittenden began cohabiting with Shontae Matlock and her daughter D.M., born February 8, 1999, on Denny Street in Indianapolis. On one occasion during 2007 or 2008, Crittenden entered D.M.'s bedroom while she was sleeping and ordered her to perform fellatio on him. When she refused, Crittenden placed his hand inside her vagina and moved it around. He then performed anal intercourse on her. Crittenden admonished D.M. not to tell anyone about the incident.
>
> Nevertheless, D.M. told her mother, who refused to believe her allegations. On May 11, 2008, D.M. reported the incident to her aunt, Lawanna Smith, who took her to the hospital for a medical examination.

*Crittenden I*, slip op. at 1 (footnote omitted). Crittenden was charged with two counts of Class A felony child molesting and two counts of Class C felony child molesting. Following a bench trial, the trial court found him guilty of one count of each. The trial court subsequently sentenced Crittenden to thirty-five years with five years suspended for the Class A felony conviction and to a

concurrent, six-year term for the Class C felony conviction. This sentence was set aside upon post-conviction review and the matter was remanded for a new sentencing hearing.

A resentencing hearing was held on November 18, 2015, during which the trial court incorporated evidence presented during the first sentencing hearing. After the trial court received additional evidence and testimony from Crittenden, the trial court sentenced him to the same sentence previously imposed. Crittenden now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Jurisdiction

Crittenden first argues that the trial court did not have subject matter jurisdiction because the charging information was not properly filed as it was not file-stamped by the clerk of the court. Relying on *Emmons v. State*, 847 N.E.2d 1035 (Ind. Ct. App. 2006), he asserts that his convictions are therefore void for lack of jurisdiction.

In *Emmons*, the defendant moved to dismiss the charges against him because the charging information was not properly file-stamped. The trial court granted the defendant's motion to dismiss at the bench trial prior to the presentation of evidence. Upon retrial, Emmons moved to dismiss the charges on double jeopardy grounds, which the trial court denied. We affirmed the trial court's denial of the motion, explaining in an alternative analysis:

A defendant may also be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. . . . We have explained:

> [A] criminal action can be commenced only in the manner provided by law, and that it is the filing of the accusation in lawful form that invokes the jurisdiction of the court in the particular case. It is a universal principle as old as the law that the proceedings of a court without jurisdiction are a nullity and its judgment void. There can be no conviction or punishment for crime, except on accusation made in the manner prescribed by law . . . .

*Pease v. State*, 74 Ind.App. 572, 576, 129 N.E. 337, 339 (1921) (internal citations omitted) . . . .

> The original information against Emmons had not been file-stamped and therefore was not properly filed under Ind. Code § 35-34-1-1. As a result, the trial court did not have jurisdiction over Emmons and any judgment rendered would have been void for lack of jurisdiction . . . .

*Emmons*, 847 N.E.2d at 1038-39. The court noted, however, that failure to properly file-stamp the charging information constituted a clerical error that could have been corrected by a nunc pro tunc entry. *Id.* at 1038 (citing *Owens v. State*, 263 Ind. 487, 495, 333 N.E.2d 745, 749 (1975)). Indeed, the court indicated that "[t]he better course of action . . . would be a nunc pro tunc entry to show the filing of the information." *Id.* at 1037 n.6

[8] Unlike the defendant in Emmons, Crittenden did not raise the jurisdictional defect before the trial court. If he had, the clerical error could have easily been corrected by a nunc pro tunc entry. Moreover, even assuming that the clerical error constituted a jurisdictional defect, it was at most a defect in personal jurisdiction, not subject matter jurisdiction.

[9] "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (citing *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)). As our Supreme Court noted, "[r]eal jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process." *Id.* (emphasis in original). Our Supreme Court clarified that "characterizing other sorts of procedural defects as 'jursidictional' misapprehends the concepts [of personal and subject matter jurisdiction]." *Id.* In *K.S.*, the Court thus held that even if the juvenile court had not explicitly approved the filing of a delinquency petition, as was required by statute, the juvenile court was not divested of subject matter jurisdiction in the matter because juvenile courts have jurisdiction over delinquency proceedings. *Id.*

[10] Similarly, here, even if the trial court clerk neglected to place a file stamp on the charging information as required by I.C. § 35-34-1-1, such clerical error would not change the fact that the trial court had subject matter jurisdiction over the criminal case filed against Crittenden. Indeed, the Marion Superior Court has "original and concurrent jurisdiction in all criminal cases allegedly committed

in Marion County." *Taylor-Bey v. State*, 53 N.E.3d 1230, 1231 (Ind. Ct. App. 2016). Crittenden's argument that the trial court was without subject matter jurisdiction fails.

## 2. Sentencing

Crittenden argues that the trial court abused its discretion when it sentenced him to an aggravated sentence using improper aggravating factors. Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. A trial court abuses its discretion by

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

## Age of Victim

Crittenden first argues that the trial court inappropriately relied upon the age of the victim as an aggravating factor because age is a material element of the

crime of child molesting. Crittenden's crimes required that the victim be under fourteen years of age. *See* Ind. Code § 35-42-4-3. D.M. was between the ages of seven and nine when the molestations occurred. During the sentencing hearing, the trial court found as an aggravating circumstance that "[t]his was a very young child that [Crittenden] had been in a position of care, custody and control over." *Transcript* at 211.

[13] This court has held that, "[w]hile the victim's age may not constitute an aggravating circumstance to support an enhanced sentence when it also comprises a material element of the crime for which conviction was obtained, the trial court may properly consider particularized circumstances of the factual elements as aggravating factors." *Mallory v. State*, 563 N.E.2d 640, 647 (Ind. Ct. App. 1990). To the extent the trial court considered the age of the victim as an aggravating circumstance, it properly did so in light of the particular circumstances, i.e., the very young age of the victim. *See Kien v. State*, 782 N.E.2d 398, 414 (holding that trial court properly considered age of the victim in a child molesting case as an aggravating circumstance where court noted that "child is extremely vulnerable to sexual predation because of her 'tender years'").

### Victim Impact

[14] Crittenden argues that the trial court improperly considered the impact of the crime on the victim as an aggravating circumstance because such had already been factored into the advisory sentence for the level of the crime committed.

A trial court may consider as an aggravator whether "[t]he harm, injury, loss, or damage suffered by the victim . . . was . . . significant[] and . . . greater than the elements necessary to prove the commission of the offense. Ind. Code § 35-38-1-7.1(a)(1).

[15]    Here, there was evidence that D.M. suffered significant behavioral issues as a result of the molestation and began acting out sexually with other children and with herself. D.M.'s aunt testified that D.M. began playing with dolls in a sexual manner and also "tried to hump the neighbor's kids." *Transcript* at 94. Because of D.M.'s behavioral issues, her aunt turned her over to foster care because she was not able to care for her. Eventually, D.M. was placed in a mental hospital. D.M. continues to face issues relating to the molestation by Crittenden. At the first sentencing hearing, the trial court found that the harm to D.M. was "significant and certainly greater than the elements that are necessary to prove the offense." *Transcript* at 156.[1] At the second sentencing hearing, the court again noted that "[t]he impact on the victim was just incredibly lasting. She's lost her mother, she's lost so much. Spent time in a mental hospital trying to cope with the memories" of what Crittenden did to her. *Id.* at 210. The court further observed that D.M. was devastated and scared by having to testify and be in Crittenden's presence. Based on the

---

[1] The original transcript of the trial and sentencing hearing were included in the record on appeal. These same transcripts were included in the "Transcript of the Record" in this appeal, which also includes the transcript of the second sentencing hearing. For simplicity, our citations to the Transcript will refer to the "Transcript of Record."

foregoing, we cannot say that the trial court erred in finding the serious and lasting nature of the impact on the victim as an aggravating factor.

## Position of Trust

[16] Crittenden argues that the trial court erred in finding as an aggravating factor that he violated a position of trust because such "is already inherently included in the presumptive [sic] sentence as an element of the offense." *Appellant's Brief* at 18. Contrary to Crittenden's argument, "Indiana courts have long held that the violation of a position of trust is a valid aggravating factor." *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. The sad fact that adults in positions of trust are often the perpetrators of these crimes does not change this result. *Id.* (disagreeing with defendant's argument that the violation of a position of trust with one's victim should not be an aggravator in a case of child molesting because acts of molestation are commonly committed by stepfathers). Crittenden does not challenge that he was in a position of trust with D.M. Indeed, Crittenden was D.M.'s mother's boyfriend and he lived in the home with D.M. and her mother. The trial court did not improperly consider as an aggravating circumstance that Crittenden was in a position of trust with his victim.

## Criminal History

[17] Crittenden argues that the trial court should not have cited his criminal history as an aggravating circumstance because his one prior conviction for theft "bears no relation to the crime for which the sentence enhancement was applied."

*Appellant's Brief* at 20. A defendant's criminal history is a proper aggravating factor; the significance of which "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *Wooley v. State*, 716 N.E.2d 919, 929 n.4 (Ind. 1999).

[18] With regard to Crittenden's criminal history, the trial court acknowledged that he had a prior conviction for Class D felony theft in 2004 and that he violated his probation. The trial court described such as "very minimal" and indicated that it gave it "very little weight." *Transcript* at 212. The trial court's consideration of such was not error. To the extent Crittenden's claim is that the trial court afforded too much weight to his criminal history, such claims are no longer subject to appellate review. *Anglemyer*, 868 N.E.2d at 491.

## Rehabilitation

[19] Crittenden argues that the trial court abused its discretion by failing to explain how an enhanced sentence furthered his rehabilitation. The trial court, however, is not required to provide such an explanation where its sentencing statement sufficiently demonstrates that it evaluated the mitigating and aggravating circumstances. *See Kile v. State*, 729 N.E.2d 211, 215 (Ind. Ct. App. 2000) (citing *Crawley v. State*, 677 N.E.2d 520, 523 (Ind. 1997)). Here, the trial court explained its evaluation of the circumstances impacting the sentence.

## Maintaining Innocence

[20] Crittenden argues that the trial court "abused its discretion when it based the outcome of [his] sentence on [him] admitting or denying guilt." *Appellant's Brief* at 22. In support of his argument, Crittenden directs us to a portion of the trial court's sentencing statement wherein the court stated in response to Crittenden's request that the court consider placing him in community corrections or an additional five years of probation:

> One of the things that would matter a great deal to me would be your participation in counseling while you are at the DOC. Now, that may require admission, I don't know. If that – I don't know if you can get into the sex offender counseling at the DOC without admitting the offense. I don't know that. Perhaps you can. But that's one of the things that would move me a long ways down the road when you get closer to the end of your sentence. I might, might reconsider letting you come out for the last couple of years or so onto home detention.

*Transcript* at 216. Crittenden maintains that the trial court's statement shows that the trial court is "trying to compel [him] to accept responsibility for a crime that he maintains his innocence to . . ., so he could possibly receive the benefit of a lighter sentence." *Appellant's Brief* at 22.

[21] Contrary to Crittenden's claim,[2] the trial court did not consider Crittenden's possible participation in counseling as weighing on the sentence imposed. The trial court's statement came after the trial court pronounced the sentence and

---

[2] Crittenden cites to *Ashby v. State*, 904 N.E.2d at 361 (Ind. Ct. App. 2009) in support of his argument. Upon review, we find *Ashby* to be inapposite.

was in response to Crittenden's request that the court consider placing him in community corrections or an additional five years of probation. The trial court's sentencing decision was not based on him admitting or denying guilt. The trial court did not abuse its discretion.

### 3. Sexually Violent Predator

[22] Crittenden argues that although the trial court never specifically found that he was a sexually violent predator, a notation in the abstract of judgment was to that effect. Crittenden is referring to the trial court's statement in the comment section of the abstract of judgment in which the court noted "NO CONTACT ORDER ISSUED: SEE STATE'S REGISTRY." *Appellant's Second Appendix Volume 2* at 13. Crittenden maintains that with this notation, the court was informing him to follow the State's sex offender laws. Crittenden asserts that if required to register as a sexually violent predator under the law as it exists today, such would constitute an ex post facto violation.

[23] We do not agree with Crittenden's interpretation of the trial court's notation in the abstract of judgment. Rather, as the State asserts, we find that the reference to "SEE STATE'S REGISTRY" is a reference to the registry for no-contact orders. *See* http://www.in.gov/judiciary/admin/2654.htm (Indiana's Protection Order Registry). There has been no determination as to Crittenden's status upon his release from incarceration and Crittenden has not been notified that he is required to register as a sexually violent predator. Thus, Crittenden's

claim that the trial court improperly classified him as a sexually violent predator in violation of the ex post facto clause fails.

### 4. Ineffective Assistance

[24] Crittenden argues that he received ineffective assistance of counsel during his resentencing hearing. A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 1139. "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Failure to satisfy either element will cause an ineffectiveness claim to fail. *Carrillo v. State*, 982 N.E.2d 461, 464 (Ind. Ct. App. 2013).

[25] Crittenden argues that his counsel at the resentencing hearing was ineffective because she failed to object on grounds that the trial court did not have

jurisdiction.  This claim is bared by *res judicata* as Crittenden presented essentially this same argument in his post-conviction appeal.  *See Holmes v. State*, 728 N.E.2d 164, 168 (Ind. 2000) ("The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute.").  In *Crittenden II*, this court affirmed the post-conviction court's determination that Crittenden had failed to prove prejudice resulting from counsel's failure to file a motion to dismiss the charging information because it lacked a file stamp.  *Slip op.* at 10.

[26] Furthermore, as we discussed *supra*, the trial court had subject-matter jurisdiction regardless of any mistake made by the trial court clerk in file-stamping the charges. Thus, counsel could not have been ineffective for failing to argue lack of jurisdiction.  Crittenden likewise cannot prove prejudice because had his trial counsel objected to the lack of a file-stamp, the court could have properly made a nunc pro tunc entry to correct the clerical error.  *See Owens*; *Emmons*, 847 N.E.2d at 1037-39.  Crittenden's claim of ineffective assistance of counsel fails.

### 5.  Sentencing Amendment

[27] Crittenden argues that the trial court abused its discretion when it amended his sentence without him or his counsel being present.  Crittenden was resentenced on November 18, 2015.  The basis of Crittenden's argument appears to stem from a notation in the chronological case summary to an amended sentence. Crittenden, however, does not identify how his sentence was amended.

[28] We note that in the record before us, there are two sentencing orders, one dated November 18, 2015, and the other dated November 24, 2015. The sentencing orders are essentially identical with one exception being an additional notation on the November 24, 2015 order that the original date of sentencing was May 26, 2009. Likewise, the record contains two virtually identical abstracts of judgments bearing the same dates as the sentencing orders. On the November 18 abstract of judgment, there is a handwritten notation regarding the original sentencing date. This notation is typed on the November 24 abstract. There is nothing that indicates that the trial court amended Crittenden's sentence. Thus, Crittenden's claim of an improper amendment to his sentence fails.

[29] Judgment affirmed.

[30] Riley, J. and Crone, J., concur.