## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timmothy Flora,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2018

Court of Appeals Case No.
18A-CR-600

Appeal from the Tippecanoe
Superior Court

The Honorable Randy Williams,
Judge

Trial Court Cause No.
79D01-1711-F2-25

**Robb, Judge.**

# Case Summary and Issue

[1] Following his guilty plea to dealing in methamphetamine, a Level 2 felony; neglect of a dependent committed during a drug offense, a Level 5 felony; carrying a handgun without a license, a Class A misdemeanor; and his admission to being an habitual offender, the trial court sentenced Timmothy Flora to an aggregate sentence of twenty-eight years with the Indiana Department of Correction. Flora raises one issue for our review, namely whether the trial court abused its discretion when it considered the extreme youth of the victim of the neglect offense to be an aggravating circumstance. Concluding that the trial court did not abuse its discretion, we affirm the trial court's sentencing order.

# Facts and Procedural History

[2] On November 15, 2017, Officer Strah of the Lafayette Police Department initiated a traffic stop of a vehicle driven by Flora. Flora's twenty-three-month-old son, J.F., and J.F.'s mother were also in the car. Flora, who initially provided an inaccurate name and several inaccurate dates of birth to Officer Strah, eventually admitted that he was in possession of a pipe used to ingest methamphetamine. Flora was also found to be driving on a suspended license.

[3] Officers subsequently searched Flora's vehicle and found a Diamondback nine-millimeter handgun, over 69 grams of methamphetamine, 58.81 grams of a powdery substance which Flora indicated was used to adulterate the

methamphetamine, 13.06 grams of marijuana, twelve alprazolam pills, four Adderall pills (which contain amphetamine), eleven morphine sulfate pills, five hydrocodone pills, an Oxycodone pill, small sized baggies, and digital scales. Next to J.F., who was in the back seat, officers found a case holding a Tec-9 handgun and two loaded high capacity magazines as well as a backpack containing syringes, digital scales, more small plastic baggies, and an unknown powdery substance.

[4] The State charged Flora with a number of offenses, including dealing in methamphetamine, a Level 2 felony; neglect of a dependent committed during a drug offense, a Level 5 felony; and carrying a handgun without a license, a Class A misdemeanor. The State also filed a separate information in which it alleged that Flora was an habitual offender, having prior convictions for forgery and dealing in marijuana. On January 23, 2018, Flora pleaded guilty to dealing in methamphetamine, neglect of a dependent, handgun possession, and the habitual offender enhancement pursuant to an agreement with the State whereby the State would dismiss the other charges against Flora. The State also agreed to recommend that Flora serve all of his sentences concurrently, with the exception of the habitual offender enhancement.

[5] Flora's sentencing hearing was held March 6, 2018. The trial court admitted into evidence a laboratory report which showed that, after the offenses, J.F. tested positive for an extraordinarily high amount of methamphetamine. Confidential Exhibits, Volume 1, State's Exhibit #2. Flora confirmed at the hearing that J.F. had a life-threatening illness during the summer of 2017.

During its sentencing statement, the trial court noted that J.F.'s repeated exposure to methamphetamine could not have been helpful in addressing J.F.'s pre-existing medical condition. As to J.F.'s age, the trial court found as follows:

> I think when we look to the neglect charge, the Neglect of a Dependent, when you have neglect because of where the child was at the time I think that, as charged, but given the nature of the offense that takes it up to a level 5. However here, not only is that child in this car with the number of drugs while the defendant's being charged with dealing methamphetamine, but that child also, as has been stated twice already, when tested had an extraordinary high level of methamphetamine in his system. I think that's it for different issues. I can use the age, the age of 2 as an aggravating factor recognizing that Count VIII was neglect of dependent, but I think the - the young age of 2 of the dependent at the time of the commission of these offenses is important.

Transcript, Volume 2 at 42-43.

[6] The trial court found Flora's criminal history, his substance abuse history, "the age of the victim," and previous failed attempts at rehabilitation as aggravating factors. Appellant's Appendix, Volume II at 33. The trial court found as mitigating circumstances that Flora had pleaded guilty and accepted responsibility and that Flora had mental health issues. The trial court sentenced Flora to twenty-two years for the dealing in methamphetamine offense, four years for the neglect of a dependent offense, and 365 days for the possession of a handgun offense and ordered these sentences to be served concurrently. The trial court enhanced Flora's sentence for dealing methamphetamine by six years

for being an habitual offender, resulting in an aggregate sentence of twenty-eight years.

# Discussion and Decision

Flora contends that the trial court abused its discretion when it found J.F.'s age to be an aggravating circumstance. Specifically, Flora argues that the trial court's use of J.F.'s age as an aggravator was improper because it was an element of the offense of neglect of a dependent and was insufficient to impose an aggravated sentence in this case.

# I. Standard of Review

After our supreme court's decision in *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g*, 875 N.E.2d 218 (Ind. 2007), we review a trial court's sentencing decisions only for an abuse of discretion. A trial court may only be said to have abused its sentencing discretion by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that includes reasons not supported by the record; (3) entering a sentencing statement that omits reasons clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement that includes reasons which are improper as a matter of law. *Id.* at 490-91. An abuse of discretion occurs where "the decision is clearly against the logic and effect of the facts and the circumstances before the trial court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Phelps v. State*, 914 N.E.2d 283, 290 (Ind. Ct. App. 2009).

# II.  Age as Aggravator

[9]  Flora pleaded guilty to neglect of a dependent as a Level 5 felony.  One of the elements of the offense is that the victim is a dependent.  Ind. Code § 35-46-1-4(a)(1).  A "dependent" is defined in relevant part as "an unemancipated person who is under eighteen (18) years of age[.]"  Ind. Code § 35-46-1-1(1).  As a general rule, it is proper for a trial court to consider the particularized nature and circumstances of a crime as an aggravating factor.  *Miller v. State*, 720 N.E.2d 696, 706 (Ind. 1999).  As this concept relates to the sentencing for the offense of neglect of a dependent, this court has held that "[w]hile the victim's age may not constitute an aggravating circumstance to support an enhanced sentence when it also comprises a material element of the crime for which conviction was obtained, the trial court may properly consider particularized circumstances of the factual elements as aggravating factors."  *Mallory v. State*, 563 N.E.2d 640, 647 (Ind. Ct. App. 1990) (upholding the trial court's reasonable consideration that neglect of an extremely young child is worse that the same neglect directed towards an older dependent), *trans. denied*.

[10]  Here, the trial court found that "the young age of 2 of the dependent at the time of the commission of these offenses is important."  Tr., Vol. 2 at 43.  While initially arguing that the trial court's use of J.F.'s age was improper as a matter of law, Flora does recognize the principle that a trial court may use the particularized factual circumstances of a case as an aggravating circumstance.  Appellant's Brief at 18.  Nevertheless, he contends that the trial court's finding is insufficient to impose an aggravated sentence under the facts of this case

because J.F.'s extreme youth made him less physically capable of accessing the gun and drugs found near him. However, it was within the trial court's discretion to conclude that placing a two-year-old, who is entirely dependent on his caretakers and incapable of fleeing or seeking assistance, in an environment of drugs and guns is worse than placing an older child in the same environment. Such consideration was certainly borne out in this case where J.F., a toddler who had recently been gravely ill, tested positive for high levels of methamphetamine after being in Flora's care.

[11] However, even if the trial court had abused its discretion in considering J.F.'s age, it would not be fatal to the sentence imposed in this case. Even "[a] single aggravating circumstance is enough to justify an enhancement or the imposition of consecutive sentences." *Williams v. State*, 690 N.E.2d 162, 172 (Ind. 1997). The trial court found three additional aggravating circumstances, namely Flora's criminal history, his substance abuse history, and his previous failed attempts at rehabilitation. Flora does not challenge the propriety any of these other aggravating circumstances on appeal. Finding no reversible error, we leave the trial court's sentencing order intact.

# Conclusion

[12] Concluding that the trial court acted within its discretion in considering J.F.'s extreme youth as an aggravating circumstance in this case, we affirm.

[13] Affirmed.

Baker, J., and May, J., concur.