**Jeffery S. ROSS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0504–CR–162.

Court of Appeals of Indiana.

Oct. 26, 2005.

Transfer Denied Dec. 15, 2005.

Kimberly A. Jackson, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Jeffery S. Ross ("Ross") was charged with murder in St. Joseph Superior Court, pursuant to Indiana Code section 35–42–1–1(1).[1] Ross pled guilty to murder in exchange for a plea agreement that placed a cap on any possible sentence at fifty-five years. After a sentencing hearing, the trial court sentenced Ross to 55 years imprisonment for murder. Ross appeals, arguing that the trial court abused its discretion when it sentenced him. Specifically, Ross claims the trial court improperly considered the aggravating and mitigating circumstances. Because the trial court properly found and weighed the aggravators and mitigators, we affirm.

### Facts and Procedural History

On February 7, 2003, Ross entered a Burger King restaurant in South Bend as

---

1. Indiana Code section 35–42–1–1 provides, in pertinent part, "A person who: (1) knowingly or intentionally kills another human be-ing ... commits murder, a felony." Ind.Code § 35–42–1–1(1) (2004).

Terrell Woods ("Woods") was preparing to leave. Ross and Woods exchanged words and Woods left the restaurant. Moments later, Woods reentered and both men threw punches at each other. At that point, Woods stopped, stepped back and removed his coat. As Woods was doing this, Ross removed a handgun from his waistband and fired a shot into Woods, knocking him to the ground. When Woods was able to bring himself to his feet, he tried to run, but Ross fired several more shots, striking Woods twice. Woods died later that evening at the hospital while being treated for his gunshot wounds. Woods' ex-wife, Jennifer Woods, was Ross's girlfriend at the time. She was present at the restaurant during the commission of this crime and positively identified Ross from police photographs as the person who shot Woods.

On February 10, 2003, the State charged Ross with murder pursuant to Indiana Code section 35–42–1–1(1). Appellant's App. p. 7. On September 26, 2003, Ross pled guilty to murder in exchange for a plea agreement that called for a maximum sentence of fifty-five years. Appellant's App. pp. 29–31. Under the terms of the plea agreement, the State made no recommendation as to Ross's sentencing. *Id.* On November 5, 2003, the court sentenced Ross to a term of fifty-five years. Appellant's App. p. 6; Tr. p. 57.

In sentencing Ross, the court observed that the particular crime was a result of circumstances unlikely to recur, due to Woods's death. The court found as aggravating factors Ross's minimal criminal history, including a battery conviction, the nature and circumstances of the offense, and an indication, although minimal, of a

propensity for violence, noting his failure to complete MAP counseling. Tr. pp. 54–55. The court weighed the aggravators and mitigators and chose not to mitigate Ross's sentence below the presumptive term of fifty-five years.[2] Tr. pp. 56–57. Ross now appeals his sentence.

### Standard of Review

 Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Buchanan v. State,* 767 N.E.2d 967, 970 (Ind.2002). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *State v. Willits,* 773 N.E.2d 808, 811 (Ind. 2002). Furthermore, an "error involving an abuse of discretion does not require reversal unless it affects the substantial rights of a party or is inconsistent with substantial justice." *Marshall v. State,* 832 N.E.2d 615, 624 (Ind.Ct.App.2005) (citing *Carpenter v. State,* 786 N.E.2d 696, 704 (Ind.2003)); Ind. Trial Rule 61 (2005).

### Discussion and Decision

 Ross asserts that he was improperly sentenced to fifty-five years imprisonment. Specifically, he maintains that the trial court improperly considered the aggravating and mitigating circumstances.

### I. Plea Agreement

As an initial matter, we address Ross's plea agreement with the State. Indiana courts "have long held that plea agreements are in the nature of contracts entered into between the defendant and the State." *Lee v. State,* 816 N.E.2d 35, 38 (Ind.2004); *see also Brewer v. State,* 830

---

2. Indiana Code section 35–50–2–3 states, in pertinent part: "(a) A person who commits murder shall be imprisoned for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances ...." Ind.Code § 35–50–2–3(a) (2004).

N.E.2d 115, 118 (Ind.Ct.App.2005) ("[a] plea agreement is a contract, binding upon both parties when accepted by the trial court.") (citation omitted). Here, the trial court advised Ross of the consequences of pleading guilty, including an explanation regarding the possible punishment he would face in doing so, as well as the punishment range available under Indiana Code section 35–50–2–3, should he choose to go to trial. Ross answered in the affirmative when asked if he understood the range of penalties he was facing for this conviction. Tr. p. 13.

■ While it is true that Ross was given the maximum sentence under the plea agreement, his fifty-five year sentence is merely the presumptive sentence set by the General Assembly for crimes committed pursuant to Indiana Code section 35–50–2–3. As his sentence was still within the purview of the plea agreement, Ross may not now complain. "[W]hen a defendant is sentenced in accordance with a plea agreement, he has implicitly agreed that his sentence is appropriate." *Bennett v. State,* 813 N.E.2d 335, 338 (Ind.Ct.App. 2004) (citing *Gist v. State,* 804 N.E.2d 1204, 1207 (Ind.Ct.App.2004)). "Moreover, when no term is specified in the plea bargain recommendation, sentencing falls within the ambit of the trial court's discretion upon acceptance of the agreement." *Id.* (citing *State ex rel. Goldsmith v. Marion County Superior Court, Criminal Division No. 1,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981)).

## II. Aggravators and Mitigators

■ Ross further argues that the trial court abused its discretion by giving improper consideration to aggravating and mitigating circumstances. Specifically, Ross contends the court improperly considered the nature and circumstances of the crime as an aggravator. Additionally,

Ross argues that the court failed to make any findings regarding the following mitigators offered in his sentencing memorandum: 1) substantial grounds tending to excuse or justify the crime; 2) undue hardship to Ross and his dependents as a result of imprisonment; 3) Ross's guilty plea; and 4) Ross's voluntary surrender to police. *See* Br. of Appellant, p. 9.

■ The trial judge is responsible for determining the appropriate weight of aggravating and mitigating factors in sentencing. *Wingett v. State,* 640 N.E.2d 372, 373 (Ind.1994). A sentence may be enhanced by a single aggravating circumstance. *Haddock v. State,* 800 N.E.2d 242, 245 (Ind.Ct.App.2003). Trial courts have discretion to determine both the existence and the weight of a significant mitigating circumstance. *Jones v. State,* 705 N.E.2d 452, 454 (Ind.1999). "A trial court must include mitigators in its sentencing statement only if they are used to offset aggravators or to reduce the presumptive sentence, and only those mitigators found to be 'significant' must be enumerated." *Allen v. State,* 722 N.E.2d 1246, 1252 (Ind.Ct. App.2000) (citing *Battles v. State,* 688 N.E.2d 1230, 1236 (Ind.1997)). Furthermore, a trial court is "not required to find the presence of mitigating factors" or to give those factors the same weight as does the defendant. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993). Moreover, the trial court "is not obligated to explain why it has found that the factor does not exist." *Id.*

Regarding aggravators, the trial court found Ross's prior criminal history and minimal propensity for violence to be minimally aggravating. The court also determined that the "facts and circumstances of this offense" qualified as an aggravator. Tr. pp. 54–56. Ross fired several shots inside the restaurant, and Woods was shot multiple times, including a fatal bullet in

his heart, possibly from the rear. While, as Ross correctly points out, it is improper to consider the fact that a person died as a result of this offense as an aggravator, the number of times a victim is shot is proper consideration under the nature and circumstances aggravator. *See Mitchem v. State*, 685 N.E.2d 671, 680 (Ind.1997).

The record reveals that the trial court also considered mitigating circumstances. During Ross's sentencing hearing, the trial court expressly stated, "[T]he first thing, I do want to make a point that I have read your sentencing memorandum. And I've taken into account ... as best I can the mitigating circumstances that you make reference to, Counsel." Tr. p. 53. Upon weighing the mitigators against the aggravators, Ross was sentenced to the presumptive 55–year term of imprisonment pursuant to Indiana Code section 35–50–2–3(a). The court noted that the crime was unlikely to recur, but downplayed the significance of this as a mitigating circumstance because it involved a long-time feud between Ross and Woods, culminating in Woods's death. Furthermore, the court observed that there were no facts tending to justify the offense, contrary to Ross's assertion. Thus, neither was considered a significant mitigator.

Regarding his guilty plea, Ross argues that the trial court gave insufficient weight to the fact that he pled guilty. It is true that a guilty plea saves court time and alleviates the need for victims to appear and testify. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). In fact, where the State reaps such benefits from a guilty plea, "the defendant deserves to have a substantial benefit returned." *Id.* Here, Ross received a substantial benefit in return for pleading guilty; his possible punishment was limited to the presumptive term of 55 years as opposed to the maximum 65 years allowed by Indiana Code

section 35–50–2–3(a). Finding none of Ross's proposed mitigators to be significant, the trial court was not required to include specific mitigators in its sentencing statement. *See Allen*, 722 N.E.2d at 1252.

The trial court found three aggravating factors and weighed those against potential mitigators. Under these facts and circumstances, we find nothing in the record that establishes that the court abused its discretion in imposing the plea agreement's maximum term of 55 years for Ross's murder conviction.

Affirmed.

BAKER, J., and RILEY, J., concur.