Karen R. Berry WILLIAMS, f/k/a Karen R. Berry, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A01–0511–CR–513.[1]

Court of Appeals of Indiana.

March 27, 2008.

1. As we pointed out in *Gilbert v. State,* 874 N.E.2d 1015, n. 1 (Ind.Ct.App.2007), we have recently become aware of some difficulties in receiving the prompt transmission of fully-briefed appeals to our court. The case herein was fully briefed on March 28, 2006 but was not transferred to our court until February 18, 2008.

The Clerk of the Court has assured us that a new system and periodic inventory review program have been implemented to minimize future delays. In the event of an extraordinary delay—such as what has occurred here—it may be helpful for counsel to make inquiry with the Clerk's office regarding the status of the case. Additionally, a link to the Clerk's online docket is available at *http://www.in.gov/judiciary/cofc/* and counsel may check the docket to confirm that the case has, in fact, been transmitted to this court after being fully briefed.

Theodore J. Minch, Esq., Sovich Minch, LLP, McCordsville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Chief Judge.

Appellant-defendant Karen R. Berry Williams appeals the revocation of her probation, claiming that the trial court's failure to advise her that an admission of guilt to a violation of the Shelby County Adult Day Reporting Program (ADRP) rules could also constitute a basis for a probation revocation. Williams further claims that the trial court allegedly failed to consider certain mitigating evidence regarding her sentence and that her counsel was ineffective because he failed to advise Williams that her admission to the ADRP violation would also constitute an admission to the probation violation. Finally, Williams contends that she received the ineffective assistance of counsel because her attorney failed to specifically set forth mitigating circumstances for the trial court to consider in imposing the sentence on

the probation violation. Finding no error, we affirm the judgment of the trial court.

## FACTS

In June 2003, Williams leased a residence in Shelbyville. A term of the lease provided that all appliances in the residence were "on loan" to her as a tenant. Appellant's App. p. 24. On November 28 and 29, 2003, Williams sold the washer, dryer, stove, and refrigerator from the residence to an auction house in Shelby County. As a result, the State charged Williams with four counts of theft, a class D felony.

Thereafter, Williams entered into a plea agreement and agreed to plead guilty to one count of theft in exchange for the dismissal of the remaining charges. The plea agreement also provided for a "fixed" sentence of two years at the Indiana Department of Correction (DOC) with one year to be served as a direct commitment in the ADRP and one year suspended to probation. *Id.* at 68.

On April 28, 2005, the trial court accepted the plea and sentenced Williams pursuant to the terms of the agreement. On May 16, 2005, Williams went to the ADRP office and was asked to provide a urine sample. Williams did not give a specimen at that time, explaining that she had to pick up her six-year-old son from school and she had "pre-set visitation with her three-year-old daughter." Appellant's Br. p. 14. Hence, Williams left the office with instructions to return after she picked up her son. Williams did not return to the office, and later that same evening, a house arrest supervisor from ADRP went to Williams's residence and requested that Williams submit a urine sample. Williams told the officer that "she was not doing a drug screen during her visitation time with her kids." Appellant's App. p. 81. Williams also states in her appellate brief

that she did not provide a specimen because "kidney stones may have impacted her ability to urinate." Appellant's Br. p. 14.

The next day, the State alleged that Williams had violated the ADRP rules and requested a change of placement from day reporting to incarceration. Specifically, the State alleged that Williams had violated the following rule:

> I will not possess or use alcohol and/or controlled substances unless prescribed by MY physician. I will not use cough or allergy medications, mouth washes, or any product that contains alcohol. I will be required to submit samples of bodily substances and/or submit to breath analysis at my own expense, as directed to ensure my compliance. I must advise staff of any known potential health risks.

Appellant's App. p. 79. On June 16, 2005, the State filed a petition to revoke Williams's probation, alleging that she failed to submit to a urine test in accordance with the ADRP rules. Thereafter, on June 30, 2005, a change of placement hearing was held, at which Williams admitted that she had violated the ADRP reporting rules.

At a probation revocation hearing on August 25, 2005, a probation officer testified that Williams had specifically acknowledged the conditions of probation and was informed that a violation of the ADRP rules would result in the filing of a petition to revoke probation. At the conclusion of the hearing, the trial court revoked Williams's probation, finding that she was in violation of probation in light of the admission that she had not submitted to the urine screen under the ADRP rules. As a result, the trial court ordered Williams to serve the remainder of her executed sentence in the Shelby County Jail. She now appeals.

## DISCUSSION AND DECISION

### I. Advisement of Rights

Williams contends that the probation revocation must be set aside because the trial court did not warn her at the change of placement hearing that an admission to violating the ADRP rules could also constitute a violation of the terms and conditions of her probation. In other words, Williams claims that because she was not advised of her right against self-incrimination, the "guilty plea entered ... on the [ADRP] petition could not have been knowing and voluntary." Appellant's Br. p. 8.

In resolving this issue, we initially observe that a trial court's decision to revoke probation is reviewed for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind.Ct.App.2005). This court considers only the evidence most favorable to the judgment and does not reweigh the evidence presented or judge the credibility of the witnesses. *Id.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts. *Weis v. State*, 825 N.E.2d 896, 900 (Ind.Ct. App.2005). An error involving an abuse of discretion does not demand reversal unless it affects the substantial rights of the party or is inconsistent with the concept of substantial justice. *Ross v. State*, 835 N.E.2d 1090, 1092 (Ind.Ct.App.2005).

 We note that placement revocation and probation revocation hearings are not criminal proceedings. *Cox v. State*, 706 N.E.2d 547, 549 (Ind.1999). Moreover, in *Bussberg v. State*, 827 N.E.2d 37, 41 (Ind.Ct.App.2005), this court determined that "just as there is no right to a jury trial before probation may be revoked, neither is the privilege against compelled self-incrimination available to a probationer."

And any advisement that the trial court might have given Williams about the effect of her admission at a future probation revocation hearing was ancillary to the change of placement hearing. *See Wright v. State*, 495 N.E.2d 804, 805 (Ind.Ct.App. 1986) (holding that the trial court's advisement of the possibility of a license suspension was not required prior to the defendant's guilty plea). For these reasons, we conclude that the trial court did not err when it did not advise Williams of the possible effect that her admission to the ADRP violation could have at a subsequent probation violation hearing.

### II. Mitigating Evidence and Incarceration

Williams next argues that the probation revocation must be set aside because the trial court did not consider certain "underlying facts and circumstances relating to the reason for Williams's violation of the [ADRP] and probation." Appellant's Br. p. 14. Williams essentially claims that the evidence did not support the revocation or the sentence that was imposed because the trial court apparently ignored certain mitigating evidence including the hardships that Williams's children would suffer as the result of incarceration. Therefore, Williams maintains that the trial court's failure to acknowledge and consider such evidence amounted to an abuse of discretion and the revocation cannot stand.

In accordance with Indiana Code section 35–38–2–3(g), a trial court has three options if a defendant violates probation. Specifically, the trial court may continue the defendant's probation, extend the probationary period for not more than one year beyond the original probationary period, or order execution of the suspended sentence.[2]

**2.** This statute was amended on July 1, 2005, so that it now specifically permits a trial court

As noted above, Williams pleaded guilty to one count of theft, thus avoiding prosecution on three additional felony counts. Moreover, although Williams had several opportunities to submit a urine sample, she did not do so. Tr. p. 4–5. The evidence showed that while Williams's husband indicated in a letter to the trial court that her decision not to provide a sample stemmed from her desire to participate in supervised visitation with their daughter, Williams did not provide a specimen even when the officers went to her residence. *Id.* at 5. Moreover, even though Williams claimed that she was unable to provide a specimen when the officers went to her residence because kidney stones "may have ... impacted her ability to urinate," appellant's br. p. 9, 14, the trial court could, nonetheless, have rejected that evidence. *See Pitman v. State,* 749 N.E.2d 557, 559 (Ind.Ct.App.2001) (observing that in revocation proceedings, we do not reweigh the evidence or judge the credibility of witnesses). And, other than Williams's unsupported allegation on appeal, she has failed to establish that the trial court would have imposed a lesser sentence had it considered the hardship that the children would suffer as a result of her incarceration. Thus, the evidence was sufficient to support the revocation, and we cannot say that the trial court abused its discretion in ordering Williams to serve the originally-suspended sentence.

*III. Ineffective Assistance of Counsel*

Finally, Williams argues that her trial counsel was ineffective because he failed to advise her that admitting the ADRP rule violation could also amount to a finding that she violated the conditions of probation. Williams further claims that her

counsel was ineffective when he failed to present evidence at the probation hearing that her incarceration would result in undue hardship to her children.

When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Pinkins v. State,* 799 N.E.2d 1079, 1093 (Ind.Ct.App.2003). First, the defendant must show that counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *Id.* at 687–88, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance resulted in prejudice. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Finally, if a claim of ineffective assistance of counsel can be disposed of by analyzing the prejudice prong alone, we will do so. *Wentz v. State,* 766 N.E.2d 351, 360 (Ind. 2002).

We note that proof of only one probation violation is sufficient to revoke a defendant's probation. *Jones v. State,* 689 N.E.2d 759, 761 (Ind.Ct.App.1997). As discussed above, if an individual has violated a condition of probation at any time before the termination of the probationary period, the trial court may order execution

to order the execution of all or part of the suspended sentence following a probation

revocation.

197

of the sentence that was suspended at the time of the initial sentencing. I.C. § 35–38–2–3(g).

 In this case, Williams has failed to set forth any advice or statements that her trial counsel may have offered before she admitted the ADRP rule violation. And, even assuming that Williams's counsel did not advise her that an admission to the violation could serve as a basis for the probation revocation, Williams does not claim that she would not have admitted the violation had she been so informed by counsel. As a result, Williams has failed to show that there was a reasonable probability that the proceedings would have been different, even assuming solely for argument's sake that her trial counsel's performance was deficient. Thus, Williams's ineffective assistance of counsel claim fails on this issue.

As for Williams's second claim of ineffective assistance of counsel, we note that even if her counsel would have presented evidence establishing the potential hardship that her children would suffer if she was incarcerated, Williams makes no argument that such hardship would have been "undue," i.e., that the hardship would be worse than that suffered by any child whose parent is incarcerated. See Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999) (concluding that the trial court did not abuse its discretion when it did not find that a defendant's incarceration would result in undue hardship on his dependents as a mitigating factor at sentencing because "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship"). As a result, Williams has failed to show that she was prejudiced by any alleged deficient performance on the part of her counsel with regard to this contention. Therefore,

Williams does not prevail on her ineffective assistance of counsel claim.

The judgment of the trial court is affirmed.

DARDEN, J., and BRADFORD, J., concur.