**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 15 2012, 9:28 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY K. PEET, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1203-CR-185 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause Nos. 20D02-0808-FC-113 and 20D02-0809-FC-126

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

In this consolidated appeal, Danny K. Peet appeals the revocation of his probation contending that there was insufficient evidence that he violated the conditions of his probation in two underlying cases.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In January of 2009, Peet was convicted of burglary, a Class C felony, and sentenced to six (6) years with four years suspended to probation. In October of that year in a separate case, Peet pled guilty to burglary, a Class C felony, and was sentenced to five (5) years suspended to probation, but consecutive to his sentence for his earlier burglary. The terms of Peet's probation in both cases provided as follows:

> You will submit to drug and alcohol screening as your Probation Officer directs. (Specimens may be collected at the Probation Department, your home, laboratory or place of employment.)

*Appellant's App.* at 43, 177.

On October 19, 2011, Peet was requested by his probation officer to submit to a hair follicle test. Peet refused, contending that the probation officer had no authority to direct him to submit to such a test without a court order. The probation department filed a violation of probation in both cases alleging that Peet's failure to submit to the hair follicle test was a violation of the terms of his probation.[1] Following the hearing, the trial court revoked Peet's probation in both cases and ordered him to serve the remainder of his sentences. Peet now appeals.

---

[1] The notice of probation violation also contended that Peet had failed to attend scheduled appointments with his probation officer, a claim challenged by Peet in his appeal. Because we find the evidence that Peet's refusal to submit to drug testing was sufficient, and because proof of a single probation violation is sufficient to support the decision to revoke probation, we do not reach such issue.

**DISCUSSION AND DECISION**

We review a trial court's decision to revoke probation under an abuse of discretion standard. *Williams v. State*, 883 N.E.2d 192, 195 (Ind. Ct. App. 2008). A probation revocation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). Our court considers only the evidence most favorable to the judgment and does not reweigh the evidence presented or judge the credibility of the witnesses. *Williams*, 883 N.E.2d at 195. The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Cox*, 706 N.E.2d at 551.

The term of Peet's probation requiring him to "submit to drug and alcohol screening *as your Probation Officer directs*" was clear and unambiguous, as was the evidence that Peet refused to submit to such a test without a court order to do so. *Appellant's App*. at 43, 177 (emphasis added). Peet makes no argument on appeal that the hair follicle test was not scientifically valid or was unreasonably burdensome in any way. The evidence was sufficient for the trial court to revoke Peet's probation, and the trial court was within its discretion in doing so.

Affirmed.

NAJAM, J., and MAY, J., concur.