Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW K. HAGENBUSH**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RECO TERRELL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 15A01-1302-CR-78 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-0504-FA-4

**September 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Reco Terrell ("Terrell") appeals an order revoking his probation and reinstating ten of thirteen previously-suspended years of his sentence for Dealing in Cocaine, as a Class A felony.[1]  We affirm.

**Issue**

Terrell presents the sole issue of whether the trial court abused its discretion by ordering reinstatement despite the fact that his current offenses were misdemeanors.

**Facts and Procedural History**

On March 23, 2006, Terrell received a thirty-year sentence of imprisonment following his plea of guilty to Dealing in Cocaine.  Thirteen years were suspended to probation.  Terrell was released and placed on probation on August 8, 2011.  His probation was transferred to the supervision of Ohio authorities.

On August 2, November 19, and November 28, 2012, the State of Ohio filed notices of probation violations.  The State alleged that Terrell had possessed drugs, tested positive for marijuana, twice kept a place where beer or liquor was supplied in violation of law, and twice committed permit violations.  All alleged acts were misdemeanors under Ohio law.

On January 3, 2013, the trial court conducted a hearing on the probation violation allegations.  After finding that Terrell had violated the terms of his probation, the trial court ordered Terrell's probation revoked and that he be incarcerated for ten years of the previously-suspended portion of his sentence.  Terrell appeals.

---

[1] Ind. Code § 35-48-4-1.

2

**Discussion and Decision**

Placement on probation is a conditional liberty and not a right. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). A probation revocation hearing is in the nature of a civil proceeding and, therefore, the violation need only be proven by a preponderance of the evidence. Smith v. State, 727 N.E.2d 763, 765 (Ind. Ct. App. 2000). Proof of a single violation of the conditions of probation is sufficient to support a decision to revoke probation. Bussberg v. State, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), trans. denied.

Indiana Code Section 35-38-2-3(h) provides as follows:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

    (1) Continue the person on probation, with or without modifying or enlarging the conditions.

    (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

    (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

We review the trial court's revocation of probation and sentencing decision for an abuse of discretion. Ripps v. State, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35-38-2-3, the trial court may properly order execution of a suspended sentence. Abernathy

3

<u>v. State</u>, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

Terrell was released to probation in August of 2011. On June 12, 2012, he pled no contest to a charge of possession of drugs. His attempt to withdraw that plea was unsuccessful. He also failed a drug screen administered by probation officers in Ohio. Cincinnati, Ohio Police Officer Amber Bolte ("Officer Bolte") testified that she investigated the operation of an "after hours club" which sold alcohol without a legal permit and after the 2:30 a.m. statutory cut-off time. (Tr. 18.) Her investigation and the execution of a search warrant at the club led to charges against the owner, who is Terrell's wife, and also against Terrell. Terrell admitted to Officer Bolte that he had provided security services at the club. Her investigation indicated that Terrell had actually been managing the club.

Terrell does not contest the sufficiency of this evidence to establish one or more probation violations on his part. Rather, he claims that he was deserving of leniency because his recent offenses were misdemeanors and he was trying to earn a living and pay child support by working in the club.

The trial court had an ample basis for the probation revocation decision and sentence reinstatement. It is noteworthy that, despite Terrell's desire for leniency, he has a lengthy history of failing to benefit from rehabilitative efforts. He was adjudicated delinquent on numerous occasions and has thirty-two criminal convictions, including six felonies. Terrell has not demonstrated an abuse of the trial court's discretion in the probation revocation proceedings.

Affirmed.

4

MAY, J., and BRADFORD, J., concur.