## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 26 2015, 9:03 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher McGrath,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 26, 2015<br><br>Court of Appeals Case No.<br>15A04-1410-CR-507<br><br>Appeal from the Dearborn Superior Court<br>The Honorable Jonathan N. Cleary, Judge<br>Cause No. 15D01-0807-FC-13 |

**Bailey, Judge.**

# Case Summary

Christopher McGrath ("McGrath") appeals an order revoking his probation and reinstating four years of the previously-suspended portion of his six-year sentence for Possession of a Schedule IV Controlled Substance, as a Class C felony.[1] He presents the sole issue of whether the trial court abused its discretion by ordering reinstatement of four years, as opposed to a lesser period of time. We affirm.

# Facts and Procedural History

On April 7, 2009, McGrath pled guilty to possession of a schedule IV controlled substance. He was sentenced to 2,920 days imprisonment, with 2,190 days suspended to probation. Among the conditions of probation were that McGrath refrain from the use of illegal drugs and obey all laws.

On July 14, 2014, an allegation of probation violation was filed against McGrath. A fact-finding hearing was conducted on October 16, 2014, at which McGrath admitted he had tested positive for cocaine and had been convicted of two new offenses in the State of Ohio.

---

[1] Ind. Code § 35-48-4-7(a)(2)(A). We refer to the version of the statute in effect at the time of McGrath's offense.

After finding that McGrath had violated the terms of his probation, the trial court ordered McGrath's probation revoked and that he be incarcerated for four years of the previously-suspended portion of his sentence. McGrath appeals.

# Discussion and Decision

Placement on probation is a conditional liberty and not a right. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). A probation revocation hearing is in the nature of a civil proceeding and, therefore, the violation need only be proven by a preponderance of the evidence. *Smith v. State*, 727 N.E.2d 763, 765 (Ind. Ct. App. 2000). Proof of a single violation of the conditions of probation is sufficient to support a decision to revoke probation. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*.

Indiana Code Section 35-38-2-3(h) sets forth a trial court's sentencing options where a probation violation has been found:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

We review the trial court's revocation of probation and sentencing decision for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).

An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code Section 35-38-2-3, the trial court may properly order execution of a suspended sentence. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

[8] On July 6, 2010, McGrath was released to probation and signed his notice of probation conditions. On July 14, 2014, the State alleged that McGrath had violated the terms of his probation, having been convicted of possession of heroin and illegal use of paraphernalia in Hamilton County, Ohio. It was also alleged that McGrath had failed a drug screen administered by probation officers in Ohio, by testing positive for cocaine. At the probation revocation hearing, McGrath admitted the truth of the foregoing allegations.

[9] Indeed, McGrath does not contest the sufficiency of this evidence to establish one or more probation violations on his part. Rather, he claims that he is deserving of leniency because he participated in intensive drug therapy as part of his incarceration in Ohio and his dependents need his income.

[10] The trial court had an ample basis for the probation revocation decision and sentence reinstatement. It is noteworthy that, despite McGrath's desire for leniency, he has a lengthy history of failing to benefit from rehabilitative efforts. In 2007, he was convicted of Possession of a Legend Drug and released to probation. He violated probation and was convicted of Deception to Obtain a

Dangerous Drug in Ohio. He then was convicted of the possession offense in Indiana. McGrath has not demonstrated an abuse of the trial court's discretion in the probation revocation proceedings.

[11]  Affirmed.

Riley, J., and Barnes, J., concur.