## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2018, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terence C. Kendrick, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 19, 2018 <br><br> Court of Appeals Case No. <br> 02A03-1710-CR-2465 <br><br> Appeal from the Allen Superior Court. <br> The Honorable Samuel R. Keirns, Magistrate. <br> Trial Court Cause No. <br> 02D05-1605-F6-610 |

**Friedlander, Senior Judge**

[1] Terence Kendrick, Jr., appeals the trial court's decision revoking his probation and ordering him to serve his previously-suspended sentence. He raises two issues for review, which we expand and restate as:

  1. Whether the evidence was insufficient to support revocation;

2. Whether the trial court abused its discretion in ordering him to serve his previously-suspended sentence; and

3. Whether he was denied due process at his revocation hearing.

We affirm.

[2] On November 10, 2016, Kendrick pleaded guilty to Level 6 felony resisting law enforcement and Class C misdemeanor refusal to identify self. The trial court imposed a two-year suspended sentence and placed Kendrick on probation for two years.

[3] On March 17, 2017, the State filed a verified petition for revocation of probation, alleging that Kendrick failed to report for supervision as instructed and that his last face-to-face contact with probation was on December 15, 2016. On June 1, 2017, Kendrick admitted the violations of probation, and the court returned him to probation with the additional condition of "zero tolerance." Appellant's App. Vol. II, p. 38.

[4] On August 2, 2017, another verified petition for revocation of probation was filed, alleging that Kendrick had not maintained good behavior, because "[o]n or about the 1st day of August, [sic] 2017, [he] allegedly committed the offense of False Informing, a Class A Misdemeanor." *Id*. at 39. On August 22, 2017, Kendrick requested to waive his right to an attorney and proceed pro se, which the court granted. On that same day, a contested revocation hearing was set for September 28, 2017.

[5] At the contested hearing, Officer David Bush, with the Fort Wayne Police Department, testified that on August 1, 2017, at around 3:30 a.m., he was patrolling a church parking lot where the department had previously received reports of vandalism, trespassing, and theft. Officer Bush saw a vehicle parked in the lot. He approached the vehicle to see if anyone was inside and to investigate a potential trespassing offense. He found Kendrick inside the vehicle, and Kendrick told the officer that he was praying. The officer asked Kendrick if he had identification that contained his name, and Kendrick replied that he did not. Officer Bush then asked Kendrick to provide his name, date of birth, and social security number. When the officer checked the information Kendrick provided, however, he determined that the information was false. The officer learned Kendrick's identity after providing Kendrick's license plate number to a police dispatcher. The officer also learned that a civil body attachment had been issued for Kendrick; that Kendrick's wallet, containing identification, was in the vehicle; and that the vehicle was registered in Kendrick's name, although he initially told the officer the vehicle was registered to his girlfriend.

[6] Kendrick then cross-examined Officer Bush. After Kendrick concluded the cross-examination, the trial court informed Kendrick he could "put on any evidence that you have." *Id*. at 24. Kendrick told the court he had no evidence to present, but that he wanted to act as his own witness. Kendrick then testified as follows: "By no means am I denying saying a lie. I told a lie." *Id*. at 26. He further testified that when he encountered the police in the church parking lot,

he "didn't think that an official investigation was happening," and he "wasn't committing any crime back there." *Id*.

[7] Following the contested hearing, the trial court found Kendrick had violated the terms of his probation and revoked his probation and ordered him to serve his previously suspended two-year sentence in the Department of Correction (DOC). Kendrick now appeals.

[8]  "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

### 1.

[9] Kendrick contends his probation should not have been revoked because the State failed to present sufficient evidence to prove he committed false informing. We review insufficiency of evidence claims in a probation proceeding as we do any other sufficiency of the evidence question. *Smith v. State*, 727 N.E.2d 763 (Ind. Ct. App. 2000). We will not reweigh evidence or judge credibility of witnesses. *Id*. We look only at the evidence favorable to the

State and all reasonable inferences therefrom. *J.J.C. v. State*, 792 N.E.2d 85 (Ind. Ct. App. 2003). The State's burden of proof regarding an alleged probation violation is proof by a preponderance of the evidence. *Id.*

[10] A person is guilty of false informing if he or she gives false information in the official investigation of the commission of a crime, knowing the information to be false. Ind. Code § 35-44.1-2-3(d)(1) (2016). According to Kendrick, the evidence was insufficient to prove the police were involved in an official investigation at the time he provided the false information. We disagree.

[11] A police officer on routine patrol saw Kendrick's vehicle parked in a deserted church parking lot at 3:30 a.m. The officer testified that the police department previously had received from the church reports of vandalism, trespassing, and theft, and that, upon observing Kendrick's vehicle, the officer was investigating a "potential trespassing offense." Tr. p. 14. Sufficient evidence was provided to show the police officer was involved in an official investigation at the time Kendrick provided false information.

## 2.

[12] Kendrick next contends that the trial court abused its discretion when it revoked his probation and sentenced him to his previously-suspended two-year sentence. According to Kendrick, "the facts and circumstances surrounding [his] alleged [probation] violation are not indicative of someone who should not be able to benefit from the rehabilitative aspect of probation;" and full revocation of his probation was unwarranted due to mitigating circumstances such as "he was at

a church praying," he "eventually ha[d] a desire to be honest" with the police, and he has five children and is "a contributing member of society." Appellant's Br. p. 11.

[13] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id*. The decision to revoke probation is within the sole discretion of the trial court. *Id*. Violation of a single condition of probation is sufficient to revoke probation. *Beeler v. State,* 959 N.E.2d 828 (Ind. Ct. App. 2011), *trans. denied*.

[14] A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d 184. Trial courts are not required to consider mitigating factors when imposing sanctions for probation revocation. *See Mitchell v. State,* 619 N.E.2d 961, 964 (Ind. Ct. App. 1993) (holding trial court did not err by declining to consider mitigating circumstances before imposing sanction because Indiana Code section 35-38-2-3 does not require a trial court to consider aggravating and mitigating factors when revoking probation), *holding narrowed by Patterson v. State*, 659 N.E.2d 220, 222-23 n.2 (Ind. Ct. App. 1995) (trial courts should consider a probationer's mental state when deciding sanction for probation revocation).

[15] The evidence presented at Kendrick's contested hearing established by a preponderance of the evidence that he violated his probation by committing the

offense of false informing. The violating offense was similar to the offenses for which Kendrick already was on probation, i.e., resisting law enforcement and refusal to identify self. Revocation of Kendrick's previously suspended sentence did not go against the logic and effect of the facts and circumstances surrounding his violation. As such, the trial court's order revoking probation and sentencing him to the DOC for the suspended two-year sentence was not an abuse of discretion.

### 3.

Kendrick also contends his right to due process under the Fourteenth Amendment was violated because he was not "afforded the resources and time to obtain and present relevant and exculpatory evidence." Appellant's Br. p. 17. He alleges that he possessed (1) evidence that no 911 emergency calls were placed from the church regarding vandalism, theft, or trespassing, and (2) a letter from the pastor of the church granting him permission to be on church property after hours. He argues, essentially, he was not afforded the time to gather the evidence so that it could be offered at the probation revocation hearing.

The United States Supreme Court has held that the Due Process Clause applies to probation revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). While a defendant is not entitled to full due process rights for a probation revocation, he is entitled to certain due process rights, including: a written notice of the claimed violations, disclosure of

the evidence against him or her, the opportunity to be heard in person and present witnesses and documentary evidence, the right to confront and cross-examine witnesses, a neutral and detached hearing body, and a written statement by the factfinder regarding the evidence relied upon and reason for revocation. *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011).

[18] Kendrick's right to due process was not violated. At the contested hearing, during his cross-examination of Officer Bush, Kendrick told the trial court that he "had 911 calls pulled and there were no calls made within the entire year of any complaints of trespassing or anything the whole year." Tr. p. 23. The trial court told Kendrick that he was free to enter those records into evidence and to use those records to cross examine the witness; however, Kendrick made no attempts to enter any records into evidence. *Id*. At the conclusion of the presentation of evidence, in his argument to the court, Kendrick stated that he wished he had evidence to prove he was not trespassing, and that he had a letter from the pastor of his church allowing him to be in the area; however, he also stated that he was going to wait to present that evidence to the misdemeanor court where he was charged with the false informing offense. Kendrick added that he "wasn't sure coming into the situation there was going to be a whole [probation revocation] hearing;" however, he did not request a continuance from the trial court. *Id*. at 36. Under these circumstances, we cannot conclude that Kendrick's constitutional right to due process was violated.

[19] The evidence was sufficient to revoke Kendrick's probation; the trial court did not abuse its discretion when it revoked his probation and ordered him to serve

his previously-suspended sentence; and his right to due process was not violated.

[20] Judgment affirmed.

Kirsch, J., and Brown, J., concur.