## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2020, 10:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| R. Patrick Magrath<br>Alcorn Sage Schwartz & Magrath<br>Madison, Indiana | Curtis T. Hill, Jr.<br>Attorney General<br><br>Megan M. Smith<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terrance M. Combs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 22, 2020<br><br>Court of Appeals Case No.<br>20A-CR-213<br><br>Appeal from the Scott Circuit Court<br><br>The Honorable Jason M. Mount, Judge<br><br>Trial Court Cause No.<br>72C01-1708-F5-64 |

**Crone, Judge.**

# Case Summary

[1] Terrance M. Combs appeals the trial court's revocation of his probation. Combs claims the State presented insufficient evidence to support the trial court's determination that he violated his probation. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] In August 2017, the State charged Combs with level 6 felony failure to register as a sex offender and level 6 felony escape. The State also requested a sentence enhancement on the failure to register charge based upon allegations that Combs had prior convictions for the same offense. The State filed an amended information adding a habitual offender charge. The parties subsequently entered into a plea agreement wherein Combs pled guilty to level 6 felony escape and to being a habitual offender. Pursuant to the terms of the agreement, the trial court sentenced Combs to 730 days for escape, enhanced by 1095 days for being a habitual offender, with 1095 days executed and 730 days suspended to probation.

[3] Combs began serving his probationary term in March 2018. The terms and conditions of his probation required, among other things, that he maintain good behavior, not use alcohol, not commit another criminal offense, and report to the probation department as directed. Appellant's App. Vol. 2 at 64.

[4] On August 3, 2019, an officer with the Scottsburg City Police Department was dispatched to a local business to respond to a report of an intoxicated person on

the premises. When the officer arrived, Combs was passed out and seemingly unconscious on the front porch of the business. A knife was lying next to Combs, and he had an empty whiskey bottle in his back pocket. The officer gave Combs "a sternum rub" to awaken him. Tr. Vol. 2 at 8. After Combs awakened and refused emergency medical assistance, the officer transported him to a friend's nearby apartment. Shortly thereafter, officers were called back to the apartment complex on a report that Combs was "threatening children and causing a disturbance." *Id.* at 9. When officers arrived, an unidentified woman approached them and corroborated the report regarding why the officers were dispatched to the complex. Officers observed a "highly intoxicated" Combs in the common area of the complex where children and other people were present. *Id*. at 10. Combs's breath smelled strongly of alcohol, and he was exhibiting other signs of intoxication including staggering while he walked and slurred speech. Officers placed Combs under arrest.

[5] On August 14, 2019, Austin City Police Department officers responded to a report of vandalism. After the officers arrived on the scene, Jolene Robinson reported that Combs had "busted a whiskey bottle off of the door of [the] house, right inside the walkway as well" because she refused to let him inside. *Id*. at 17. Combs also "threatened to kill" Robinson's friend, Linda Wilkinson. *Id*. at 18. Wilkinson spoke to the officers and confirmed that Combs had threatened her. Officers eventually located Combs riding a bicycle down a nearby street. He smelled of alcohol, was slurring his speech, and had difficulty maintaining his balance. Officers administered three field sobriety tests, each of which

Combs failed.  Officers informed Combs that he was being arrested for public intoxication and instructed him to place his hands behind his back.  After one of the officers was able to cuff Combs's right wrist, Combs struck the officer in the jaw with his left arm and tried to flee.  Combs slipped and fell on gravel. This caused the officer to fall with him, and the officer suffered a cut to his arm. Combs then began kicking the officer, so the officer placed him in a "standing side-hold."  *Id.* at 20.  The officer observed that Combs was holding a folding pocketknife.  The officer ordered Combs to "drop it," but Combs refused and said to the officer, "I'm going to f\*\*king kill you."  *Id.* at 21.  The officer released his hold on Combs and began striking him until he dropped the knife. Combs continued to resist the officer, so the officer deployed his taser twice. Combs was eventually subdued and arrested.

[6]     On August 16, 2019, the State filed a petition to revoke Combs's probation. The petition alleged that Combs had failed to report to probation monthly as ordered, failed to pay probation fees, and had committed multiple new criminal offenses.  Following a revocation hearing, the trial court found that Combs violated the terms of his probation by failing to report to probation as instructed,[1] and by committing the new criminal offenses of public intoxication, resisting law enforcement, battery against a public safety official, and intimidation.  The trial court ordered Combs to serve the remainder of his

---

[1] The record demonstrates that, between July 2018 and August 2019, Combs failed to report for ten probation appointments.  Tr. Vol. 2 at 44-45.

previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[7]    "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review probation violation determinations for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id*.

[8]    Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id*. "A revocation hearing is in the nature of a civil proceeding, and the alleged violation only needs to be established by a preponderance of the evidence." *Smith v. State*, 727 N.E.2d 763, 765 (Ind. Ct. App. 2000).

> In reviewing the sufficiency of the evidence, we use the same standard as in any other sufficiency question. When the appellant challenges the sufficiency of the factual basis for revocation, we neither reweigh the evidence nor judge the credibility of the witnesses. If substantial evidence of probative value supports the trial court's decision that the appellant has committed a violation of a condition of his probation, then revocation of probation was proper.

*Id.* In short, "[i]f there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation." *Woods*, 892 N.E.2d at 639-40.

[9]  Here, among the multiple alleged probation violations, Combs challenges the State's proof and the trial court's finding that he violated his probation by twice committing the new crime of class B misdemeanor public intoxication. When the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton*, 984 N.E.2d at 617.

[10]  Indiana Code Section 7.1-5-1-3 provides that

> it is a Class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9), if the person:
>
> (1) endangers the person's life;
> (2) endangers the life of another person;
> (3) breaches the peace or is in imminent danger of breaching the peace; or
> (4) harasses, annoys, or alarms another person.

Thus, to prove that Combs violated the terms of his probation by committing two new crimes of public intoxication, the State was required to prove the elements of those offenses by a preponderance of the evidence. In challenging

the sufficiency of the evidence, Combs concedes that the State provided sufficient evidence to prove that he was twice in a public place or place of public resort in a state of intoxication caused by his use of alcohol. However, he argues that because law enforcement "did not observe [him] yelling or harassing anyone," the State failed to prove by a preponderance of the evidence that he "endangered himself or any other person, or breached the peace, or harassed any other person." Appellant's Br. at 11. We disagree.

[11] Here, the State presented evidence that after an officer found Combs intoxicated and passed out on the steps of a business, the officer transported Combs to an apartment complex, only to be summoned back shortly thereafter based upon a 911 call reporting that Combs was "threatening children and causing a disturbance." Tr. Vol. 2 at 10. When officers arrived, a "highly intoxicated" Combs was staggering around in a common area of the complex while other people and children were nearby. *Id.* We agree with the State that the officers' observations, coupled with the information supplied in the 911 call, is sufficient to prove by a preponderance of the evidence that Combs, while in an intoxicated state, endangered himself or another person, breached the peace, or harassed, annoyed, or alarmed another person.[2]

[12] The State also presented evidence that, on a second occasion, Combs "busted a whiskey bottle" against the door of a house because the resident would not let

---

[2] The trial court specifically stated that it relied upon the officers' "first-hand observations" and not upon hearsay statements made by an unidentified female witness at the scene. Appealed Order at 1.

him in, and he threatened to kill the resident's friend. *Id*. at 17. After speaking to the victims, the officers responding to the call were able to locate Combs operating a bicycle on a nearby street. Due to obvious signs of his intoxication, officers administered three field sobriety tests, which Combs failed. Again, we agree with the State that it was reasonable for the trial court to conclude by a preponderance of the evidence that Combs, while in an intoxicated state, endangered himself or another person, breached the peace, or harassed, annoyed, or alarmed another person. As the State presented sufficient evidence to prove that Combs committed the new crimes of public intoxication, substantial evidence of probative value supports the trial court's conclusion that Combs violated a condition of his probation.

[13] Even were we to agree with Combs and conclude that the State presented insufficient evidence to prove by a preponderance of the evidence that he committed two new criminal offenses of public intoxication, any error would be harmless because the trial court's revocation of Combs's probation is supported by multiple other probation violations that Combs does not contest. Specifically, the trial court also found by a preponderance of the evidence that Combs failed to report to probation as required, and that he committed additional new offenses including battery against a public safety official and intimidation. Combs does not challenge the State's proof, or the trial court's

findings, on these violations.[3]  It is well settled that proof of any one violation is sufficient to revoke a defendant's probation." *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010).  The trial court did not abuse its discretion in revoking Combs's probation.[4]

[14]  Affirmed

Bailey, J., and Altice, J., concur.

---

[3] The trial court also found by a preponderance of the evidence that Combs committed the new crime of resisting law enforcement. Although Combs very briefly challenges the State's proof regarding this violation on appeal, we decline to address it in light of the multiple other violations he does not challenge.

[4] Combs challenges only the trial court's revocation of his probation.  As he does not challenge the appropriateness of the sanction imposed by the trial court, we do not address it.